## EWING, COMMISSIONER OF PATENTS, *v.* UNITED STATES EX REL. FOWLER CAR COMPANY.

### CERTIORARI TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 721.  Argued April 17, 1917.—Decided May 7, 1917.

When an applicant for a patent admits that the invention shown in his application was made at a date subsequent to the date upon which another application for the same invention was filed, and by amendment of his application adopts the prior applicant's claims, he thereby concedes the priority of the other's invention, its utility and the sufficiency of the claims.

In such a case the Commissioner of Patents can not be required by mandamus to declare an interference.

Under Rev. Stats., § 4904, the duty of the Commissioner to declare an interference arises only when, in the exercise of his judgment upon the facts presented, he is of opinion that a senior application will be interfered with by a junior one; the mere fact that the junior application covers the same ground or that the junior applicant asserts an interference is not enough to require the Commissioner to act.

The judicial remedy for determining priority of invention is by suit in equity between the parties, not by mandamus against the Commissioner in an attempt to control the administrative discretion conferred upon him by Rev. Stats., § 4904.

45 App. D. C. 185, reversed.

(1)

THIS writ is directed to a judgment of the Court of Appeals of the District of Columbia which affirmed a judgment of the Supreme Court of the District of Columbia in mandamus commanding the Commissioner of Patents "to declare or direct to be declared an interference between the application of William E. Fowler, Sr., filed May 22, 1915, for Improvements in Car Floor Construction, and the application for a similar invention" of an unnamed applicant "pursuant to the statute and rules in such cases made and provided."

The judgment was rendered upon motion of petitioner's attorney upon the petition, rule to show cause and answer. It was affirmed by the Court of Appeals.

As the Fowler Car Company and Ewing, Commissioner of Patents, were petitioner and respondent, respectively, in the court below, we shall so designate them here.

The facts as stated by the petition are as follows:

William E. Fowler, Sr., was the first and original inventor of certain new and useful improvements in car floor construction.

On May 22, 1915, he applied for a patent in the usual form and manner and his application was accepted and became known and designated as application serial No. 29794.

On May 19, 1915, he duly assigned his right, title and interest in the invention to the Fowler Car Company, which company appointed Charles C. Linthicum its attorney.

On November 18, 1915, the Commissioner of Patents wrote to Linthicum stating that "there is another application pending, claiming substantially the same invention as that defined" in certain of the claims which were set out. He further stated: "In order to determine whether it is necessary to declare an interference you are requested to obtain a statement from Fowler setting forth when he conceived the invention defined in the above quoted claims, when he disclosed it to others, and when he re-

duced it to practice. This statement will not be made a part of the record and will be returned to you."

Fowler replied that he had conceived the subject-matter of the claim quoted in the Commissioner's letter on or about April 16, 1915, disclosed the same to others and made drawings on or about the same date but had not reduced the same to practice by constructing any full-sized devices.

On November 23, 1915, Linthicum filed an amendment to Fowler's application in which all of the claims suggested by the Commissioner were inserted. Of these claims Linthicum said: "It is thought that these claims appear in a co-pending application and they are inserted at this time with the request that, if such claims do appear in a co-pending application an interference be declared."

To this communication the Commissioner replied as follows:

"Sir: Enclosed please find the statement of William E. Fowler, Sr., made in response to the request in my letter of November 18, 1915.

"The dates of invention claimed by Fowler are subsequent by several months to the filing date of the application of the other party. The other party's case will be passed to issue as soon as possible and when patented will be cited as a reference against such claims in Fowler's application as it may be found to anticipate. An interference will not be declared."

Section 483, Rev. Stats., provides: "The Commissioner of Patents, subject to the approval of the Secretary of the Interior, may from time to time establish regulations, not inconsistent with law, for the conduct of proceedings in the Patent-Office."

Pursuant to this authority regulations known as "Rules of Practice in the United States Patent Office" have been established by the Commissioner by and with the approval of the Secretary of the Interior and now govern

the declaration of interferences between pending conflicting applications and have the force and effect of law, binding as well upon the Commissioner as upon the applicant for patents.

It is further alleged that it clearly appears from the correspondence recited and under the statute and rules that an interference exists between the Fowler application and that of the applicant unknown to petitioner, which applications disclose and claim the same patentable invention and it is the duty of the Commissioner to declare an interference and to call upon each applicant for the sworn preliminary statement required by Rule 110.

That if the unknown applicant receive a patent and thereafter petitioner's (Fowler's) application is put in interference with it and petitioner afterwards be awarded priority over the unknown applicant and receive a patent, in order to get rid of the menace of the outstanding patent to such unknown applicant petitioner will have to file a bill in equity under the provisions of § 4918, Rev. Stats., for the cancellation of such patent or the owner of the outstanding patent may file such bill against petitioner, all of which possibility of litigation may be prevented if the Commissioner be required to discharge his plain duty under the statute and rules and declare an interference when the rights of both parties are in the application stage and before either party receives a patent. That conduct of the Commissioner is a matter of public concern and for over a quarter of a century his predecessors have, without exception, regarded the interference rules as imposing upon them the legal duty of declaring an interference under the circumstances detailed. And petitioner is advised and believes that unless the Commissioner be restrained a patent in due course will be issued to the unknown applicant and petitioner is without remedy unless the court by writ of mandamus shall interpose in its behalf.

Mandamus was prayed.

A rule to show cause was issued and the Commissioner's action stayed until the determination of the cause.

The Commissioner in his answer admitted the filing of the applications as alleged and the correspondence with Linthicum, but denied the legal conclusion drawn by petitioner therefrom. He alleged that an interference as defined by the rules of the patent office is a proceeding for the purpose of determining the question of priority of invention and that when an applicant informs the office that the invention shown in his application was made at a date which was subsequent to the date upon which another application for the same invention was filed, the statute does not require that an interference be established between his application and the prior application. That in asking the later applicant to inform the office of the date of its invention the Commissioner was only asking for information upon which he might form, as required by § 4904, Rev. Stats., an opinion whether a situation existed where the statute required that the later application should be put into interference with the earlier application, and that the rules do not require or contemplate a declaration of interference where it is known that the later applicant made his invention subsequently to the filing of the earlier application; in other words, they do not contemplate the declaration of an interference except where there is a possible conflict in the dates of invention.

The answer further denied that petitioner had shown injury or threatened injury and alleged that the only injury averred in the petition was that if the application of petitioner be put in interference with the patent granted upon the other application, and if priority should be awarded to petitioner and a patent granted to it a bill in equity under § 4918, Rev. Stats., would be necessary to get rid of the menace of the outstanding patent. That the date of Fowler's invention being subsequent to the filing

date of the other party, there would be no ground of awarding priority to Fowler. That even if interference should be declared, "a litigation to be conducted between the application owned by the petitioner and the patent issued to the other party would be no longer or more expensive than a litigation to be conducted between the two applications. No suit could be brought under section 4918 of the Revised Statutes either by or against this petitioner, unless it were proved that Fowler was the first inventor and a patent issued to him; but, as above stated, the date upon which Fowler states he conceived the invention is subsequent to the date upon which the other application was filed."

There was detail of the business of the Patent Office and of the inconvenience to its administration if the right insisted upon by petitioner were allowed.

A discharge of the rule was prayed.

*The Solicitor General,* with whom *Mr. Assistant Attorney General Warren* and *Mr. R. F. Whitehead* were on the brief, for petitioner.

*Mr. George L. Wilkinson,* with whom *Mr. Melville Church* was on the brief, for respondent.

Mr. Justice McKenna, after stating the case as above, delivered the opinion of the court.

The case is not in broad compass. It depends upon a few simple elements. Section 4904, Rev. Stats., provides: "Whenever an application is made for a patent which, *in the opinion* of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be, and shall direct the primary examiner to proceed to determine the question

of the priority of invention. And the Commissioner may issue a patent to the party who is adjudged the prior inventor, unless the adverse party appeals from the, decision of the primary examiner, or of the board of examiners-in-chief, as the case may be, within such time, not less than twenty days, as the Commissioner shall prescribe." ·

The duty prescribed by this section and the other duties of the Commissioner, it was provided (§ 483, Rev. Stats.), might be regulated by rules established by the Commissioner, subject to the approval of the Secretary of the Interior. And rules were established. They define an interference to be a proceeding instituted for the purpose of determining the question of priority of invention between two or more parties claiming the same patentable invention (Rule 93) and provide that an interference shall be declared between two or more original applications containing conflicting claims (Rule 94). Before the declaration of an interference all preliminary questions must be settled by the primary examiner, the issue clearly defined and the claims put in such condition that they will not require alteration (Rule 95). Whenever the claims of the co-pending applications differ in phraseology they must be brought to expression substantially in the same language and claims may be suggested to the applicants and if not followed the invention covered by them shall be considered as disclaimed. The declaration of an interference will not be delayed by the failure of a party to put his claim in condition for allowance (Rule 96). Each party to the interference will be required to file a concise statement, under oath, showing (1) the date of original conception of his invention, (2) the date upon which a drawing of it was made, (3) the date of its disclosure to others, (4) the date of its reduction to practice, (5) the extent of its use, and (6) the date and number of any foreign application. If a drawing has not been made or the invention has not been reduced to practice or dis-

closed to others or used to any extent, the statement must specifically disclose these facts (Rule 110).

Priority of invention is necessarily the essential thing, and to determine it interference proceedings are provided. But are they considered as a matter of course on the mere assertion or appearance of a conflict? Upon the answer to the question the controversy here turns. The Commissioner contends for a negative answer and supports the contention by the language of § 4904 reinforced by the assertion that there is no necessity for proceedings to determine what is already apparent as in the pending case by the admission of respondent. The mere fact of asserted antagonism does not put the proceedings in motion, is the contention. There must be the precedent and superintending judgment of the Commissioner. The law requires, it is said, his opinion to be exercised upon the effect of a conflict in applications, and such indeed is the language of § 4904. It provides that "whenever an application is made for a patent which, *in the opinion* of the Commissioner, *would interfere with any pending application. . . .* he shall give notice thereof . . . and shall direct the primary examiner to proceed to determine the question of priority of invention."

In opposition to this view petitioner replies that the only fact upon which the Commissioner is to exercise an opinion is the fact of the conflict in the applications, and, that fact ascertained, the duty is imperative upon the Commissioner to declare an interference. "Interference," it is said, "is a question of fact; it exists or it does not exist. If it exists then priority must be determined in the way pointed out by the statute and the rules." Other conditions than priority in time determine priority of invention, it is insisted; that the rules of the Patent Office and the motions for which they provide contemplate such conditions, and that in twenty-five years of practice under them "the question of interference in fact, the question

of seniority of the parties, the patentability of the claim to one or the other, and a number of other, questions became *inter partes*, and it often happens that the interference is dissolved because of mistake in declaring it or the burden of proof shifted on the ground that the senior party is not entitled to his original filing date as his effective date for the reason that he did not disclose the invention in his case as originally filed, or that his application discloses an inoperative embodiment of the invention, or that he was not entitled to make the claims, or that the junior party had an earlier filed case disclosing the invention, or that the issues as formed did not apply to the structures of the two parties."

The result of the practice is declared to be that it "prevents a judgment of record based solely upon an *ex parte* consideration by the Commissioner and affords each of the parties an opportunity to contest the right of the other party to a judgment."

If there are such possibilities in some interferences they are precluded in petitioner's case. Seven claims of a prior application were adduced by the Commissioner as making a conflict with the invention claimed by petitioner. The latter, through its attorney, adopted six of the claims and directed that they be inserted in its application. It did not intimate the existence of any circumstances which would overcome the priority of invention as determined by the difference in times of the conceptions of the contending applicants.

The conceptions were thus established to be identical and that that of Fowler did not come to him until some months after the filing of the other application. And it is to be observed that the priority was complete. There was not only the precedent conception but there was its expression in claims; and that it was practical, a useful gift to the world, petitioner concedes by adopting the claims. There were, therefore, all of the elements of a completed

invention—one perfected before the filing of petitioner's application—all that the preliminary statement required by Rule 110 could disclose.

This, then, was the situation presented to the Commissioner. There was nothing shown to change it, there is nothing alleged in the petition for mandamus to change it, and there is only urged that an experience of twenty-five years has demonstrated that in interference proceedings circumstances may be shown that determine against the date of filing or the claim of invention.

If it could be conceded that there is antagonism between § 4904, and the rules, the former must prevail. *Steinmetz* v. *Allen*, 192 U. S. 543, 565. But there is no antagonism. The former provides that "whenever an application is made for a patent which, *in the opinion* of the Commissioner, would interfere with any pending application . . . he shall direct the primary examiner to proceed to determine the question of priority of invention." The section, therefore, commits to the opinion (judgment) of the Commissioner the effect of an application upon a pending one—whether it will interfere with a pending one; something more, therefore, than the fact of two applications, something more than the mere assertion of a claim. The assertion must be, in the opinion of the Commissioner, an interference with another. And it is this other that is first in regard, not to be questioned except at the instance of the Commissioner by an exercise of judgment upon the circumstances. And there is no defeat of ultimate rights; there may be postponement of their assertion remitted to a suit in equity under § 4918.

But anterior to such relief petitioner contends that "there is a fundamental and basic right of opposition on the part of any applicant, whether junior or senior, to prevent the wrongful grant of a patent to his opponent." It is further contended that the declaration of an interference and the motions which are permitted to be made

under the rules "prevent a judgment of record based solely upon an *ex parte* consideration by the Commissioner and affords each of the parties an opportunity to contest the right of the other party to a judgment." There indeed seems to be a less personal right claimed, the right of opposition in the interest of the public, displacing the superintendency of the Commissioner constituted by the law. It is to be remembered that the law gives the Commissioner both initial and final power. It is he who is to cause the examination of an asserted invention or discovery and to judge of its utility and importance; [1] it is he who is to judge (be of opinion) whether an application will interfere with a pending one; [2] and it is he who, after an interference is declared and proceedings had, is the final arbiter of its only controversy, priority of invention. [3]

The contentions of petitioner put these powers out of view, put out of view the fact that the so-called "judgment of record" is, as the action of the Commissioner may be said to be, but a matter of administration. A suit in equity may follow and be instituted by either party and even in it nothing can be determined but priority of invention. "There is but one issue of fact in an interference suit. That issue relates to the dates wherein the interfering matter was respectively invented by the interfering inventors. If the complainant's invention is the older, the defendant's interfering claim is void for want of novelty. And the complainant's interfering claim is void for want of novelty, if the defendant's invention is found to antedate the other." Walker on Patents, § 317, 3d ed.

Such suit, therefore, is the judicial remedy the law provides. Section 4904 concerns and regulates the administration of the Patent Office, and the utility of the dis-

---

[1] Section 4893, Rev. Stats.; *Butterworth* v. *Hoe,* 112 U. S. 50.

[2] Section 4904.

[3] Section 4910.

cretion conferred upon the Commissioner is demonstrated by his answer in this case.

*Judgment reversed and case remanded with instructions to reverse the judgment of the Supreme Court of the District of Columbia and direct it to discharge the rule and dismiss the petition.*