# UNITED STATES EX REL. INTERNATIONAL MONEY MACHINE COMPANY *v.* NEWTON.

### MANDAMUS; PATENT INTERFERENCE.

Mandamus to compel the Commissioner of Patents to vacate an order declaring an interference, contrary to the general rule that his discretion in such cases cannot be controlled by mandamus, cannot be granted on the ground that the discontinuance of a prior interference is *res judicata* as to the present interference; but that defense can be raised and preserved at all stages of the interference proceeding. (Citing *Gold* v. *Gold*, 34 App. D. C. 229.)

No. 3134. Submitted February 5, 1918. Decided March 4, 1918.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia dismissing a petition for a writ of mandamus to compel the Commissioner of Patents to vacate certain proceedings in the Patent Office in connection with a redeclared interference.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment of the supreme court of the District of Columbia denying a motion of appellant, International Money Machine Company, relator below, for judgment, and dismissing its petition asking for a writ of mandamus against the respondent, Commissioner of Patents, to compel him to vacate certain proceedings in the Patent Office in connection with a redeclared interference.

It appears that an interference containing three counts was declared between an application of one White and others and an application of one Ovaitt. Relator, the International Money Machine Company, is the owner of the White application and the junior party in the interference. After the preliminary statements had been filed, relator moved to dissolve the interference on the ground that neither party had a right to make

Vol. XLVII.—29.

the claims, and for the further reason that the counts were unpatentable over the prior art.

On hearing, the law examiner granted the motion for dissolution, holding that neither party had a right to make the counts of the issue, and also holding that count 1 was unpatentable over the prior art. From this decision, Ovaitt appealed to the Board of Examiners in Chief, who affirmed the decision. No appeal was taken from the decision of the Board. The dissolution became final, and the applications were returned to the primary examiner for *ex parte* prosecution, which included rejection of the claims of the issue in accordance with the decision of the Board of Examiners in Chief. Ovaitt thereafter amended certain of his claims and added others, all of which were held by the primary examiner to be patentable over the prior art; and, as he regarded them readable upon the White application, they were suggested to the latter and were made by him. The Commissioner of Patents, acting under the provisions of section 4904 of the Revised Statutes, declared the interference here in question.

Relator seeks, by writ of mandamus, to compel the Commissioner of Patents to vacate the order declaring the interference and all proceedings in respect of the alleged interfering subject-matter of the applications of relator and the party Ovaitt subsequent to the dissolution of the original interference.

*Mr. John F. Robb* for the appellant.

*Mr. Theodore A. Hostetler* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is well settled that the duty imposed upon the Commissioner of Patents by sec. 4904, Rev. Stat., Comp. Stat. 1916, sec. 9449, to declare an interference, involves the exercise of his judgment upon the facts presented, and cannot be controlled by mandamus. *Ewing* v. *United States,* 244 U. S. 1, 61 L. ed. 955, 37 Sup. Ct. Rep. 494. In that case, where it was sought by mandamus to compel the Commissioner to declare an inter-

ference, the court said: "It is to be remembered that the law gives the Commissioner both initial and final power. It is he who is to cause the examination of an asserted invention or discovery and to judge of its utility and importance; it is he who is to judge (be of opinion) whether an application will interfere with a pending one; and it is he who, after an interference is declared and proceedings had, is the final arbiter of its only controversy,—priority of invention. The contentions of petitioner put these powers out of view, put out of view the fact that the so-called 'judgment of record' is, as the action of the Commissioner may be said to be, but a matter of administration."

But relator seeks to escape the general rule that the writ of mandamus will not issue to control the discretion of a public officer by invoking the doctrine of estoppel. It is insisted that the dissolution of the original interference is *res judicata* as to the present interference. It is unnecessary to consider the merits of this contention, since his position is not improved in so far as his right to relief by mandamus is concerned. The question of *res judicata* can be raised and preserved at all stages of the proceedings in the prosecution of the present interference. It may be availed of by relator in the various tribunals of the Patent Office, through which appeals in interference cases may be prosecuted, and finally in this court on appeal from the decision of the Commissioner of Patents. *Gold* v. *Gold,* 34 App. D. C. 229.

It follows that relator's right to have the question of former adjudication finally decided by this court on appeal in the interference proceeding forecloses its right to substitute mandamus for the legal, statutory remedy thus provided.

The judgment is affirmed with costs.            *Affirmed.*