### LEE et al. v. VREELAND.

(Court of Appeals of District of Columbia. Submitted November 11, 1919. Decided January 5, 1920.)

#### No. 1252.

1. PATENTS ⊜⇒106(1)—PRIORITY MAY BE AWARDED ON THE RECORD TO SENIOR APPLICANT.

In patent interference cases, the Commissioner, in proper cases, may award priority on the record to the senior applicant.

2. PATENTS ⊜⇒106(3)—AFFIDAVIT OVERCOMES PRIMA FACIE SHOWING OF SENIOR APPLICANT.

In patent interference proceedings involving wireless receiving systems, an affidavit by the junior applicant, stating that the apparatus disclosed in the earlier application was inoperative, if tested in light of the development of the art at the time the application was filed, etc., held to overcome the prima facie record showing of the senior party.

Appeal from the Patent Office.

Interference proceeding in the Patent Office between Frederick K. Vreeland and John W. Lee and John L. Hogan, Jr. From a decision awarding priority to Vreeland, the junior parties appeal. Reversed and remanded.

F. W. Winter, of Pittsburgh, Pa., for appellants.

F. L. Dyer, of New York City, and Melville Church, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents in an interference proceeding awarding priority of invention to the party Vreeland upon the record; neither party having taken testimony.

The application of Lee and Hogan was filed on November 16, 1912, and ripened into a patent (No. 1,141,717) on June 1, 1916. Vreeland's application in interference was filed October 27, 1915, or nearly five months after the grant of the Lee and Hogan application, as a division of an earlier application filed January 2, 1907, upon which a

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

patent was issued September 1, 1917. In the divisional application, Vreeland copied verbatim claims from the Lee and Hogan patent. The contention of Lee and Hogan is that the apparatus disclosed by Vreeland in his early application is inoperative, and that their motion for leave to take testimony to that effect should have been allowed; in other words, that, in the circumstances of the case, Vreeland was not entitled to an award of priority on the record.

The invention relates to an improvement in wireless receiving systems, and particularly for receiving persistent and continuous waves. It is conceded that this is a highly technical subject-matter, in which very slight changes and modifications may be of great importance, and it clearly appears that there has been a very decided advance in the art since the filing of Vreeland's original application. Moreover, it should be observed, that, the claims having originated with Lee and Hogan, they must be given an interpretation in harmony with that patent.

Under the view we have taken of the case, we do not deem it necessary to do more than set forth the substance of the affidavit which Lee and Hogan filed to overcome the effect of Vreeland's original filing date. In that affidavit it is stated that an apparatus like that shown in Vreeland's early application had been constructed by the affiant and had been found to be inoperative, that the Vreeland battery is short circuited around the detector, and that if there were assumed such values of the elements of the circuit as prevailed in actual practice, and hence were known to those familiar with the art, the device would not be operative. Vreeland, both in the Patent Office and in the argument at bar, did not seriously contend that his early device as shown was operative for practical purposes, but he did contend that it could have been made so by a skilled mechanic. The Examiner of Interferences ruled that the affidavit of Lee and Hogan stopped short of showing that, by assuming values other than those commonly used, the Vreeland structure would not operate. The Examiners in Chief were of the view that—

"The accuracy of the conclusions of neither party, based on the conditions assumed by him, can be assailed. The question is a practical one, depending largely upon how far in an actual system we may depart from the theoretical value of a zero resistance in the resonant circuit without seriously interfering with the operation of the system," etc.

The Commissioner, while expressing some doubt as to certain of the conclusions reached by the lower tribunals, accepted those conclusions.

[1, 2] The authority of the Commissioner to award priority on the record to the senior applicant in a proper case is settled. Ewing v. Fowler Car Co., 244 U. S. 1, 37 Sup. Ct. 494, 61 L. Ed. 955. In that case the applicant last to file had copied the claims of the earlier applicant, and failed to "intimate the existence of any circumstances which would overcome the priority of invention as determined by the difference in times of the conception of the contending applicants. * * * There was not only the precedent conception," said the

court, "but there was its expression in claims; and that it was practical, a useful gift to the world, petitioner concedes by adopting the claims. There were, therefore, all of the elements of a completed invention— one perfected before the filing of petitioner's application."

The present invention, as we have stated, relates to an obscure and highly technical art. The claims of the later applicant were copied by Vreeland, and the later applicant has filed an affidavit to the effect that the apparatus disclosed in the early application, if tested in the light of the development of the art at the time that application was filed—that is, in 1907, instead of 1916, the date of the affidavit—is inoperative. The affidavit further alleges that certain changes in the apparatus amounting to invention are essential to operativeness. We are of the view that, in the circumstances of the case, the affidavit overcame the prima facie showing of the senior party.

The decision is therefore reversed, and the case remanded for a trial on the merits.

Reversed and remanded.