**WRIGHT v. HALLE et al.   WAHL v. BARRETT et al.   BARRETT v. WAHL et al.**

(Court of Appeals of District of Columbia. Submitted March 14, 1921. Decided May 2, 1921.)

Nos. 1383–1385.

1. Patents ⬅106(2)—Priority held properly adjudged to senior party on the record.

 Where junior parties to an interference, in their preliminary statements, failed to allege a date of conception prior to the senior party's filing date, priority was properly adjudged to the senior party on the record.

2. Patents ⬅113(6)—Error in holding machine operative must clearly appear.

 Error in the holding of the Patent Office tribunals that the machine disclosed by a party to an interference was so clearly operative that it was unnecessary to take testimony on the question must clearly appear to justify judicial intervention.

3. Patents ⬅90(5)—Necessity for correction of minor defects does not establish false concept.

 The necessity for the correction of minor structural defects in the machine disclosed by a party to an interference does not necessarily establish a false inventive concept.

Appeals from a Decision of the Commissioner of Patents.

Interference proceeding between Walter Wright, Hiram Joseph Halle, Glenn J. Barrett, and John C. Wahl. From a decision awarding priority to Halle, the other parties separately appeal. Affirmed.

B. C. Stickney and Louis E. Giles, both of New York City, for Wright.

B. G. Foster and Louis G. Julihn, both of Washington, D. C., Robert Fletcher Rogers, of New York City, and Frederick P. Fish, of Boston, Mass., for Halle.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for Wahl.

William W. Dodge, of Washington, D. C., and D. A. Carpenter, of New York City, for Barrett.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

VAN ORSDEL, Associate Justice. These appeals are from a decision of the Commissioner of Patents awarding priority of invention to appellee Halle in an interference arising between the applications of Halle, filed October 11, 1902, Wright, filed April 20, 1908, Barrett, filed December 13, 1909, and Wahl, filed May 23, 1911.

[1] Appellants in their preliminary statements, failed to allege a date of conception prior to Halle's filing date. In accordance with the practice of the Patent Office, appellants were notified by the Examiner of Interferences that Halle would be awarded priority on the record, unless cause was shown why such a course should not be pursued. Wahl and Barrett moved to dissolve the interference, on the ground that the machine disclosed by Halle was inoperative. The motions were denied by the Examiner, and appeal was taken to the Commissioner, where the decision of the Examiner was affirmed. The Examiner then adjudged Halle entitled to priority on the record. This procedure is approved in Ewing v. Fowler Car Co., 244 U. S. 1, 37 Sup. Ct. 494, 61 L. Ed. 955.

[2] The present appeals are based chiefly upon the alleged error of the tribunals below in holding the Halle device operative. The issue involves improvements in combined typewriting and adding machines, which is suggestive of technical mechanism. The experts of the Patent Office are unanimous in holding that Halle's machine is operative. So clearly was it held to be disclosed that a motion to take testimony on the question of operativeness was denied. On this point we have held that error must be clearly apparent to justify judicial intervention.

[3] Appellants, however, have constructed a machine following, it is claimed, the Halle disclosure. Affidavits are produced to show that the machine so constructed would not work. This sort of attack is usually looked upon with suspicion, since the test has been conducted wholly by the enemy. The necessity for the correction of minor structural defects does not necessarily establish a false inventive concept. Here we think the structural defects pointed out are subject to mechanical correction.

The decision of the Commissioner of Patents is affirmed. All costs on the writs of certiorari are taxed against the moving parties.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.