## LEE et al. v. VREELAND.

(Court of Appeals of District of Columbia.
Submitted March 2, 1925. Decided
April 6, 1925.)

No. 1723.

Patents ⊚⇒113(7)—Conclusion of Patent Office as to operativeness, involving obscure and highly technical art, not disturbed, unless clearly erroneous.

Conclusions as to operativeness reached by expert tribunals of Patent Office, involving obscure and highly technical art, should not be disturbed, unless clearly erroneous.

Appeal from Commissioner of Patents.

Interference proceeding between Frederick K. Vreeland, senior party, and John W. Lee and John L. Hogan, Jr., junior parties. From a decision awarding priority to the senior party, the junior parties appeal. Affirmed.

F. W. Winter and J. B. Brown, both of Pittsburgh, Pa., for appellants.

Melville Church, of Washington, D. C., and F. L. Dyer and W. B. Greeley, both of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding in which priority was awarded the senior party, Vreeland. The invention is a method and apparatus for receiving continuous or undamped wireless signaling waves, and is defined in six counts, of which the second and fourth, here reproduced, are sufficiently illustrative:

"2. The method of wireless signaling which comprises exciting a receiver circuit by the received wave energy and also by an auxiliary alternating current of a frequency so related to the frequency of the received energy as to produce beats therewith, and then rectifying and using this composite current to operate a receiving instrument, whereby to amplify the effect of the received signal."

"4. An amplifier and discriminator for wireless signal receiving apparatus, comprising an auxiliary source of current adapted to excite the receiving circuits with a frequency near to, and different from the frequency of the current of the received waves, means for electrically rectifying the current resulting from the combined effects of said two currents, and an indicator operated by the rectified current."

Lee and Hogan, having failed in their statement to overcome the prima facie case made by the filing of the Vreeland application, were required to show cause why judgment should not be rendered against them. In response to this order, they filed a motion to dissolve, on the ground that the circuit shown by Vreeland was inoperative. An affidavit filed in support of this motion was found insufficient by the Patent Office, but upon appeal to this court (Lee et al. v. Vreeland, 49 App. D. C. 200, 262 F. 654) it was held that this affidavit, in the circumstances of the case, did overcome the prima facie showing of the senior party; in other words, that it entitled the junior party to a trial upon the merits. The case then went back to the Patent Office, where such a trial was had.

The Examiners in Chief and the Assistant Commissioner, after a careful consideration of the evidence, concurred in the view that the inoperativeness of the Vreeland structure had not been shown. Since the invention relates to an obscure and highly technical art, the conclusions reached by the expert tribunals of the Patent Office should not be disturbed, unless error is clearly made to appear. An examination of the record and briefs, in the light of the argument at bar, not only fails to reveal such error, but, on the contrary, convinces us of the correctness of the conclusions reached. Accordingly, and for the reasons fully stated in the decisions to which we have referred, the decision appealed from is affirmed.

Affirmed.