**UNITED STATES ex rel. TROY LAUNDRY MACHINERY CO., Limited, v. ROBERTSON, Commissioner of Patents. ***

(Court of Appeals of District of Columbia. Submitted May 6, 1925. Decided June 1, 1925.)

No. 4323.

1. Mandamus ⬚86—Patents ⬚106(1)—Mandamus will not lie to compel Commissioner of Patents to declare interference.

Under Rev. St. § 4904 (Comp. St. § 9449), mandamus will not lie to compel Commissioner of Patents to declare an interference between applications for patent, nor is his refusal to declare such interference a denial of junior

*Certiorari denied 46 S. Ct. 21, 69 L. Ed. ——.

party's right to challenge senior party's right to make claims, since no appeal lies from decision of Patent Office, sustaining party's right to make claim; junior party's remedy in such case being an application ex parte or resort to equity, under Rev. St. § 4918 (Comp. St. § 9463).

Appeal from Supreme Court of District of Columbia.

Suit for mandamus by the United States, on the relation of the Troy Laundry Machinery Company, Limited, against Thomas E. Robertson, Commissioner of Patents. Decree for defendant, and plaintiff appeals. Affirmed.

G. L. Wilkinson and Ralph Munden, both of Chicago, Ill., and E. W. Shepard, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia upon the pleadings, denying to appellant a writ of mandamus to compel the Commissioner of Patents to declare an interference between appellant's and a senior application. The material facts are as follows:

Fritz Balzer filed an application relating to door mechanism for washing machines and duly assigned it to appellant. Thereafter the Commissioner requested appellant in a written notice, as an aid in determining whether an interference should be declared, to file a statement setting forth as precisely as possible the date of conception of the subject-matter defined in the claims, as required by rule 93 of the Patent Office, and further advising appellant that this statement would not be made a part of the record, but returned to appellant. Appellant was further informed that failure to comply with this request, within the time specified, might result in the passing to issue of the application of the senior party. Subsequently appellant filed a petition, requesting that the requirement for a statement be waived, and denial of this petition was followed by the filing of the petition herein.

In Ewing v. Fowler Car Co., 244 U. S. 1, 37 S. Ct. 494, 61 L. Ed. 955, the facts were identical, except that in that case the applicant complied with the request of the Commissioner and filed a statement, from which it appeared that his date of conception was subsequent to the filing date of the senior party. Thereupon the Commissioner refused to declare an interference, and mandamus was sought to compel him to do so. Substantially every contention advanced here was presented to and rejected by the court in that case. The court based its decision largely upon the provision of section 4904, R. S. (Comp. St. § 9449), clothing the Commissioner with discretion in determining whether an interference should be declared or denied. Here appellant contends that, even though the senior applicant was first in point of time, and the primary issue of fact, therefore, of necessity would be decided against him, he should be permitted, if so advised, to challenge the right of the senior party to make the claims, and that the action of the Commissioner in effect deprives him of that right. In the first place, no appeal lies to this court from a decision of the Patent Office sustaining a party's right to make a claim. If the Commissioner, after exercising his discretion, declares an interference, then this court, as an ancillary question, may determine the right of either party to make the claims of the issue. See Podlesak v. McInnerney, 26 App. D. C. 399, 404. But neither party has a right to have an interference declared for that purpose. Here appellant may prosecute his application ex parte, and, if denied the claims involved in the present controversy, may prosecute an appeal to this court, or resort may be had to a suit in equity under the provisions of section 4918, R. S. (Comp. St. § 9463), which, as suggested by the court in Ewing v. Fowler Car Co., "is the judicial remedy the law provides."

Regarding the decision in Ewing v. Fowler Car Co. as controlling here, we affirm the judgment, with costs.

Affirmed.

Motion to stay mandate and petition for temporary restraining order denied June 26, 1925.