Harold T. **KLEIN** et al., Appellants,

v.

The **COMMISSIONER OF PATENTS OF the UNITED STATES,** Appellee.

No. 72–1437.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 2, 1972.

Decided Feb. 6, 1973.

James L. Bean, Washington, D. C. (Francis C. Browne, Washington, D. C., Peter K. Stackhouse, Tolbert, Lewis & Fitzgerald, Arlington, Va., and Browne, Beveridge, DeGrandi & Kline, Washington, D. C., on brief), for appellants.

Fred E. McKelvey, Associate Sol. (S. William Cochran, Sol., on brief), for appellee.

Donald R. Dunner, Washington, D. C., Robert W. Mayer, Dallas, Tex., Ralph R. Browning, Houston, Tex., Paul E. Krieger, Washington, D. C., on brief, for amicus curiae, Dresser Industries, Inc.

Before CRAVEN, RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

The issue decided in this patent case is whether the denial of a motion to dissolve the declaration of an interference by the Patent Office, pursuant to 35 U.S.C. § 135(a), constitutes final agency action reviewable by federal courts under the Administrative Procedure Act, 5 U.S.C. § 704.

The district court granted the motion of the appellee, Commissioner of Patents, to dismiss the complaint for lack of subject matter jurisdiction and for failure to join an indispensable party. Appellants, Klein, Poage, and Robbins and Associates, Inc., appeal.

On June 4, 1968, Poage filed application for a patent which the Patent Office issued on July 8, 1969, United States Patent No. 3,454,114. On August 7, 1967, Klein filed application for a patent which the Patent Office issued on August 26, 1969, United States Patent No. 3,463,247. Appellant Robbins and Associates is the owner of Poage '114 and Klein '247.

On September 15, 1967, Norman Dyer and Roy Van Winkle (Dyer, et al.) filed application for a patent which the Patent Office issued on May 27, 1969, United States Patent No. 3,446,284. Dresser Industries is the owner of Dyer et al. '284. Neither Dyer et al. nor Dresser were made parties to this action, although Dresser has filed an *amicus* brief.

On December 5, 1969, Dyer et al.[A1] filed a reissue application, the purpose of which was to secure claims in addition to those claimed in their original patent issued on May 27, 1969, Dyer et al. '284. This reissue application is presently pending in the Patent Office. Five of the claims in the Dyer reissue application are identical to five of the claims in Poage '114 and nine are identical to nine claims in Klein '247. All of the patents relate to rotary drilling mechanisms. After Dyer et al. filed their reissue application, interference proceeding No. 97,360 was declared by the Examiner of Patent Interferences, on July 16, 1970, between certain claims of the Dyer et al. reissue application and certain claims of Poage '114, and, on the same day, the Examiner declared interference proceeding No. 97,361 between certain claims of the Dyer et al. reissue application and certain claims of Klein '247.

Poage and Klein moved to dissolve the interferences on the grounds that the interfering claims were not patentable to Dyer because: (1) the oath which accompanied the Dyer reissue application did not comply with the statutes (35 U.S.C. § 251) and Rules of Practice (37 CFR § 1.175) because it contained no

---

statement of facts explaining how any error occurred in failing to claim in the original Dyer et al. application for '284 the inventions claimed by the added claims in the Dyer et al. reissue application; (2) six of the claims in the Dyer et al. reissue application recite elements and limitations not found in the specifications or drawings in the original Dyer patent; (3) seven of the claims of the Dyer et al. reissue application claim inventions not covered or intended to be covered by the claims originally sought and obtained in the original Dyer patent. The Examiner denied appellants' motions to dissolve the Interferences. Appellants, pursuant to 37 CFR § 1.181,[1] filed a petition to the Commissioner to seek review of the decision of the Examiner. The petition was denied on November 3, 1971, by the Chairman of the Board of Patent Interferences, the Commissioner's duly authorized delegate. See 37 CFR § 1.181(g), n. 1, supra. Appellants then petitioned the Commissioner in person, pursuant to 37 CFR § 1.183.[2] The Commissioner refused to invoke the provisions of § 1.183 but instead forwarded the petition to the Chairman of the Board of Patent Interferences to be treated as a petition for reconsideration. The Chairman denied the request for reconsideration. Following these actions, times were set by orders entered by the Patent Interference Examiner for seeking discovery and taking depositions.

Appellants subsequently filed this civil action in the District Court for the Eastern District of Virginia praying for vacation of the decisions denying the motions to dissolve the interferences and requesting an order vacating or otherwise terminating the interferences. The question of priority of invention in both of these interference proceedings has not yet been determined by the Patent Office.

Section 135 of 35 U.S.C. relating to interferences, provides in part as follows:

"(a) Whenever an application is made for a patent which, in the opinion of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice . . . [to the parties involved]. *The question of priority of invention shall be determined by a board of patent interferences . . . whose decision, if adverse to the claim of an applicant, shall constitute the final refusal by the Patent Office of the claims involved. . . . A final judgment adverse to a patentee from which no appeal or other review has been or can be taken or had shall constitute cancellation of the claims involved from the patent. . . .*

"(b) * * *

"(c) Any agreement or understanding between parties to an interference, including any collateral agreements referred to therein, . . . shall be in writing and a true copy thereof filed in the Patent Office before the termination of the interference. . . . Failure to file the copy . . . shall render . . . unenforceable such agreement. . . . The Commission-

---

1. § 1.181 Petition to the Commissioner

(a) Petition may be taken to the Commissioner (1) from any action or requirement of any examiner in the ex parte prosecution of an application which is not subject to appeal to the Board of Appeals or to the court; (2) in cases in which a statute or the rules specify that the matter is to be determined directly by or reviewed by the Commissioner; and (3) *to invoke the supervisory authority of the Commissioner* in appropriate circumstances. [Emphasis added]

\* \* \* \* \*

(g) The Commissioner may delegate to appropriate Patent Office officials the determination of the petitions under this section, with the exception of petitions under § 1.183.

2. § 1.183 Suspension of rules.

In an extraordinary situation, when justice requires, any requirement of the regulations in this part which is not a requirement of the statutes may be suspended or waived by the Commissioner in person on petition of the interested party, subject to such other requirements as may be imposed.

er may, however, on a showing of good cause for failure to file within the time prescribed, permit the filing of the agreement . . . during the six-month period subsequent to the termination of the interference. . .

\* \* \* \* \* \*

*Any discretionary action of the Commissioner under this subsection shall be reviewable under section 10 of the Administrative Procedure Act. . . ."* [Emphasis added]

The Rules of Practice in Patent Cases of the Patent Office, 37 CFR § 1.201, contain a helpful description of interference proceedings, which is set out below for the purpose of clarity.

"§ 1.201 Definition, when declared

"(a) An interference is a proceeding instituted for the purpose of determining the question of priority of invention between two or more parties claiming substantially the same patentable invention and may be instituted as soon as it is determined that common patentable subject matter is claimed in a plurality of applications or in an application and a patent.

"(b) . . . interferences will also be declared between pending applications for patent, or for reissue, and unexpired original or reissued patents, of different parties, when such applications and patents contain claims for substantially the same invention which are allowable in all of the applications involved, in accordance with the provisions of the regulations in this part."

From a reading of the above statute and regulation, it is apparent that Congress has vested with the Commissioner the duty of determining priority of invention, in the circumstances present here, and the interference proceeding is the *method for such determination.* Ewing v. United States ex rel. Fowler Car Co., 244 U.S. 1, 37 S.Ct. 494, 61 L.Ed. 955 (1917); ACF Industries, Inc. v. Guinn, 384 F.2d 15 (5th Cir. 1967), cert. den. 390 U.S. 949, 88 S.Ct. 1039, 19 L.Ed. 2d 1140; McCutchen v. Oliver, 367 F.2d

609, 54 C.C.P.A. 756 (1966); Goodrich-Gulf Chemicals, Inc. v. Phillips Petroleum Co., 376 F.2d 1015 (6th Cir. 1967). Once the Board of Patent Interferences makes the determination of priority, any dissatisfied party may appeal to the United States Court of Customs and Patent Appeals. However, the appealing party's adversary may require the matter to be tried in the district court if he does not agree with the appealing party's election to seek review before the Court of Customs and Patent Appeals. The dissatisfied party may also commence an action in a district court. 35 U.S.C. §§ 141, 146; 37 CFR § 1.303.

■■ Appellants contend that the final denial by the Patent Office to dissolve an interference is final agency action *within the meaning of 5 U.S.C. §* 701 et seq. § 704 of the Administrative Procedure Act provides in pertinent part as follows:

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."

We are not persuaded that the Administrative Procedure Act authorizes, prior to action by the Board of Patent Interferences, judicial review of the denial of a motion to dissolve an interference. The statute requires two essential elements as a prerequisite to judicial review: (1) final agency action and (2) no other adequate remedy in a court. The question of the adequacy of the remedy should be reached only upon a determination that the agency action complained of is final. The decision to allow an interference to proceed, whether it be the initial decision by an Examiner or the final decision by the Commissioner when he refuses to dissolve the interference, is not final agency action. It is, in fact, preliminary agency action, and is at or near the first stage of the proceedings in the determination of the question of priority of invention under 35 U.S.C. § 135. When an interference is declared, parties may move to dissolve the inter-

ference. Once the motion is disposed of initially by the Examiner, there are essentially two administrative appeals of such disposition to the Commissioner or his delegate. However, a final refusal by the Commissioner to dissolve the interference means that, unless the parties settle, the interference will proceed to trial and the question of priority of invention will be determined in the administrative forum. There is no appeal from the final decision by the Patent Office to proceed with the determination of the merits of the interference. To that extent, it is a final decision; however, the whole point of the proceeding is to determine priority of invention, and actions of the Patent Office prior to that determination are interlocutory in nature. We believe that judicial intervention at the initial stage of the determination of the question of priority of invention would disrupt the orderly administration of the Patent Office, which has been vested by Congress with the administrative duty of deciding the question of priority of invention. Phillips Petroleum Co. v. Brenner, 127 U.S. App.D.C. 319, 383 F.2d 514 (1967); *Ewing,* supra. In *Ewing,* the Supreme Court stated:

> "It is to be remembered that the law gives the Commissioner both initial and final power. It is he who is to cause the examination of an asserted invention or discovery and to judge of its utility and importance; it is he who is to judge . . . whether an application will interfere with a pending one; and it is he who, after an interference is declared and proceedings had, is the final arbiter of its only controversy, priority of invention." 244 U.S. 1, 11, 37 S.Ct. at 497.

One of the primary reasons for the finality rule in judicial review of administrative action, as codified in 5 U.S.C. § 704, is that the agency is specially suited to deal with the type of case in question, and it would weaken its effectiveness for the courts to abort the administrative procedure before the agency had completed its task. McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 767, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947); Shank v. Federal Power Commission, 236 F.2d 830, 834 (5th Cir. 1956). We are thus of opinion that the action of the Patent Office in declining to dissolve the interferences here in question does not satisfy the basic requirement necessary to invoke the provisions of 5 U.S.C. § 704: the agency action complained of is not final.

■ There exists an additional reason, based on construction of 35 U.S.C. § 135, for rejecting appellants' argument. Sub-section (a) of section 135 provides for a declaration of interference by the Commissioner. Sub-sections (b) and (c) relate to matters not pertinent here, but sub-section (c) expressly provides that "Any discretionary action of the Commissioner under *this* subsection shall be reviewable under section 10 of the Administrative Procedure Act." [Emphasis added] Sub-section (a) here under scrutiny, has no such provision. There is a compelling inference that, had Congress intended for the discretionary action of the Commissioner under sub-section (a) to be reviewable pursuant to the Administrative Procedure Act, it would have so provided as it did for sub-section (c). It should also be noted that the statute, § 135(a), expressly provides that the determination of priority of invention shall constitute the final refusal of the claims involved in the case of an applicant, or cancellation of the claims involved in the case of a patentee. The statute does not expressly say that this is the only action concerning interferences which may be considered final action of the agency, but the implication is clear that only when the question of priority of invention has been reached has the agency finally concluded its task. The inferences raised by the language of § 135 of the statute are particularly strong in view of the fact that Congress expressed an awareness of the Administrative Procedure Act; it used language consistent with the Act; and it did not provide for judicial review of § 135(a) proceedings

until the issue of priority of invention had been determined by the Patent Office.

Appellants have argued, with some justification, that a declaration of interference is a serious matter as far as the parties are concerned; it may, in effect, put a cloud on the patent; force the parties into costly litigation; and make it possible for a person to apply for a patent in bad faith and tie up a valid patent during the course of an interference proceeding. Congress, however, has provided the means for access to the courts under the Administrative Procedure Act. Unless such Act is complied with, being courts of limited jurisdiction, the district courts are without jurisdiction to intervene.

Since we hold that the District Court properly refused to review the action taken by the Patent Office because of lack of final agency action, it is unnecessary to reach the questions of adequacy of remedy or whether the action should have been dismissed for failure to join an indispensable party.

The action of the District Court is

Affirmed.