## HAYES v. DAVISON.

(Court of Appeals of District of Columbia. Submitted March 16, 1921. Decided April 4, 1921.)

### No. 1401.

1. Patents ⊜106(1)—Party last to file held senior party, when application was for reissue of patent on prior application.

The party whose application for a patent was last filed was the senior party to an interference proceeding, where his application was for the reissue of a patent issued on an application filed prior to the other party's filing date.

2. Patents ⊜106(1)—Interference will not be suspended for purpose of considering public use or intervening rights.

An interference, being for the sole purpose of determining priority, will not be suspended, after testimony has been taken, for the purpose

of considering public use or intervening rights, as these questions cannot properly be considered.

Appeal from a Decision of the Acting Commissioner of Patents.

Interference proceeding in the Patent Office between Edward Hayes and Guy S. Davison. From a decision awarding priority to Davison, Hayes appeals. Affirmed.

Dyer Smith, of New York City, for appellant.

Frank Toohey, of Boston, Mass., for appellee.

SMYTH, Chief Justice. Hayes appeals from the decision of the Acting Commissioner of Patents awarding Davison priority in an interference relating to an invention expressed in the following count:

The combination, with the transmission and drive shafts of a motor vehicle, of mechanism adapted to lengthen the wheel base of said vehicle, comprising means to extend the rear wheels, supporting axle, and transmission shaft operatively connected therewith, from the motor drive shaft rearwardly, means carried by the side frames to support and maintain the transmission shaft at substantially the same angle with the rear axle, in said moved position, as in the former position, and means to connect the motor drive shaft with said transmission shaft in its new position.

[1] Hayes filed June 28, 1915, and Davison, May 4, 1916. The application of the latter was for a reissue of patent dated December 14, 1915, and issued on an application filed April 14, 1915. Davison is, therefore, the senior party by virtue of the filing date of his original application.

At first there were four parties to the interference—Howard, Beauchemin, Hayes, and Davison. Hayes moved to dissolve on the ground that neither Davison nor Howard had a right to make the claim, for reasons stated. The motion was denied by the Law Examiner.

[2] Hayes and Davison only took testimony. The Examiner of Interferences, the Examiners in Chief and the Acting Commissioner united in awarding priority to Davison. Hayes says that Davison should not prevail, because of the bar of public use and of intervening rights. But it has been held many times, as shown by the opinion of the Examiners in Chief, that an interference, being for the sole purpose of determining priority, will not be suspended, after testimony has been taken, for the purpose of considering public use or intervening rights. These questions cannot properly be considered in an interference. Burson v. Vogel, 29 App. D. C. 388; Norling v. Hayes, 37 App. D. C. 170.

It is further contended that Davison has no right to make the claims, because the invention is not disclosed in his application. The Acting Commissioner, approving the decision of the law examiner on this point, correctly held that the invention of the issue was disclosed in the application of both parties.

With respect to the argument that Davison's reissue application is not for the same invention as that disclosed in his original application, the Acting Commissioner, in line with the lower tribunals, held that it was directed to the same generic end as the narrower claims of the

first application, and therefore refused to yield to the argument. No reason appears for even doubting the correctness of this conclusion. A careful consideration of the other points raised by Hayes fails to reveal any reason for disturbing the decision of the Acting Commissioner, which is in harmony with that of each of the lower tribunals upon every point considered, and therefore it is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB, in the hearing and determination of this appeal.