## HARVEY v. SHORT.

(Court of Appeals of District of Columbia. Submitted January 16, 1925. Decided February 2, 1925.)

No. 1717.

1. Patents ⬤⟫106(2)—Failure to move for dissolution on ground of nonpatentability of claim disentitled party to urge nonpatentability of adversary's claim.

Failure to move for dissolution of interference on ground of nonpatentability of other party's claim within 30 days after statements of the parties have been received and approved, under Patent Office rule No. 122, disentitled party to question adversary's right to make claim on ground of nonpatentability thereof, under rule No. 130.

2. Patents ⬤⟫106(5)—Commissioner may dissolve interference on own motion, if of opinion that one party has no right to make claim.

Commissioner, in exercise of his supervisory authority, may dissolve interference on his own motion, if in his opinion one of the parties thereto has no right to make claim; but, where no motion has been seasonably filed, the absence of such right should clearly appear.

Appeal from Commissioner of Patents.

Interference proceeding between Leo M. Harvey and Ruel I. Short. From concurrent decisions awarding a priority of invention to the latter, the former appeals. Affirmed.

J. R. Edson and W. L. Symons, both of Washington, D. C., for appellant.

W. S. Graham, of San Francisco, Cal., and H. F. Riley, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals awarding priority of invention to the senior party, Short.

The invention is simple, and involves an arrangement for supporting a mirror upon the windshield of an automobile. After the testimony of Short and Harvey had been taken and filed, Harvey for the first time filed a motion to dissolve, claiming that Short had no right to make the claim. The Examiner of Interferences, after an analysis of the evidence, awarded priority to Short. He then ruled that, inasmuch as Harvey's motion to dissolve was not filed within the time required under rule 122 of the Patent Office, he was estopped under rule 130 of that office to urge the nonpatentability of the claim to Short, adding that, even conceding Harvey's right to raise the question, it was without merit.

On appeal, the Board pointed out that, while the appeal papers alleged error in general terms, there had been no attempt on the part of Harvey to specify wherein the alleged error resided; Harvey's real contention being that the claim was unpatentable to Short. The Board, however, briefly reviewed the evidence and concurred in the Examiner's ruling that Short was the prior inventor, and also concurred in the ruling that Harvey was estopped to urge the question of nonpatentability.

The Assistant Commissioner ruled that the Examiners in Chief properly refused to consider the question of patentability, as that was not before them for review, adding: "It is true, however, that, had they been satisfied Short had no right to make the claim, they could have so stated, and attached to their decision a recommendation that the interference be dissolved for such reason. * * * While it is the duty of the Commissioner, in connection with his

supervision of all matters of this office, to prevent the improper issue of a patent to Short, if the latter has no proper basis in his application for the claim of the issue, yet, in the absence of a very clear showing, it is believed the matter should not be taken up for consideration on this appeal." Finding that such showing had not been made, the Assistant Commissioner affirmed the decision.

Rule 122 provides that motions to dissolve an interference on the ground of irregularity, or the nonpatentability of the claim of one of the parties, or denying such party's right to make the claim, "should contain a full statement of the grounds relied upon, and should, if possible, be made not later than the thirtieth day after the statements of the parties have been received and approved." If, in the opinion of the Commissioner, such motion is in proper form, it will be heard by the law examiner. "If in the opinion of the Commissioner the motion be not in proper form, or if it be not brought within the time specified, and no satisfactory reason be given for the delay, it will not be considered, and the parties will be so notified."

Rule 130 provides that a party who was duly presented and prosecuted a motion under rule 122 for dissolution upon the ground of nonpatentability of the claim to his opponent, may urge that ground as a basis for the decision upon priority of invention, but not otherwise.

[1] In Broadwell v. Long, 36 App. D. C. 418, 423, we stated that all rules of the Patent Office authorized by law have the force of law and control procedure in that office, and that rules 122 and 130 are clearly reasonable and within the authority conferred upon the Commissioner. The underlying theory of these rules is to insure good faith. Under these rules either party has 30 days after the declaration of an interference to challenge the right of the other to make the claims. If any real reason exists for the filing of such a motion, certainly it should be discovered within the time allowed. Noncompliance with these rules results, as in this case, in delay and expense. If appellant be correct in his present contention that appellee had no right to make this claim, then the taking of testimony on the question of priority was entirely unnecessary. By delaying the filing of his motion until after that testimony was taken, appellant placed himself in a position where he could take advantage of any failure of appellee to prove actual priority, or where, if about

to suffer defeat on the question of priority, he might file a belated motion to dissolve. It was to prevent just such a practice that these rules were framed, and we agree with the tribunals of the Patent Office that failure to comply with them disentitles a party to urge the question of the right of his adversary to make the claim.

[2] Of course, the Commissioner, in the exercise of his supervisory authority, of his own motion may dissolve an interference, if in his opinion one of the parties thereto has no right to make the claim. But, where no motion has been seasonably filed, the absence of such right should clearly appear.

The decision is affirmed.

Affirmed.