## HERTHEL et al. v. DUBBS.

### Patent Appeal No. 3132.

Court of Customs and Patent Appeals.

May 29, 1933.

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds, Raymond F. Adams, and Louis D. Forward, all of New York City, and Clarence M. Fisher, of Washington, D. C., of counsel), for appellants.

Charles M. Thomas, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an interference proceeding, arising in the United States Patent Office, between an application of the senior party, Dubbs, and a patent issued to the junior parties, Herthel and Tifft, which patent bears the broad title, "Art of Cracking Hydrocarbon Oils." It is before us upon appeal from a decision of the Board of Appeals affirming that of the Examiner of Interferences awarding priority upon three counts to the party Dubbs, it being a judgment upon the record.

We are confronted at the outset with the insistence by Dubbs that, in view of the state of the record, this court is without jurisdiction to entertain the appeal, because no question of priority, or any issue directly ancillary thereto, is properly before us. However, no formal motion to dismiss for lack of jurisdiction was made.

The proceedings in the Patent Office relating to the controversy, first and last, presented various issues, and were somewhat complex in their ramifications.

An application of Dubbs for alleged improvements in process and apparatus for converting oil, relating, according to the specification, "particularly to a process for treating oils in successive stages of distillation," was filed in the United States Patent Office June 22, 1921, being serial No. 479,445. After various amendments, the application seems to have been allowed April 14, 1925, but Dubbs failed to make payment of the final

fee within the time fixed by law and the patent was never issued.

On June 22, 1926, the Herthel and Tifft application was filed, the specification of which recites that: "This invention relates particularly to improvements in operations in which hydrocarbon oils are cracked by distillation under pressure and in which residual oil withdrawn undistilled from the pressure distillation is expanded at a lower pressure for the further separation of oil constituents as vapors therefrom."

On March 10, 1927, Dubbs, approximately twenty-three months after his application had received favorable action, and seventeen months after expiration of the time for the payment of the final fee, made application for renewal of his forfeited patent, and offered amended claims, some of which are alleged to be broader than were his original claims.

While this renewal application was in process of prosecution in the Patent Office, the patent to Herthel and Tifft was issued on July 17, 1928, being No. 1,677,773. Thereupon Dubbs, on August 3, 1928, copied certain of the claims of the patent into his renewal application and requested that interference be declared.

Interference No. 57,387, embracing three counts, Nos. 1, 2, and 3, was declared October 26, 1928, and on January 8, 1929, there was added thereto count No. 4, which corresponded to a claim copied by Dubbs from another patent to Herthel and Tifft. Later count No. 3 was transferred from interference No. 57,-387 to another interference on account of a third party becoming involved. Upon the elimination of the third party from that contest, count 3 was restored to the original interference, No. 57,387, by consent of the parties, and the decision brought before us for review was rendered by the Board of Appeals in the case so consolidated, dissolution having been previously ordered as to count 4, as hereinafter recited.

The preliminary statement of Herthel and Tifft, covering all four counts, disclosed dates of conception long subsequent to the filing date of the original application of Dubbs. Hence they were placed under order to show cause why judgment of priority should not be entered against them upon the record.

Thereupon, on March 14, 1929, the parties Herthel and Tifft moved to dissolve the interference. Because of the apparent importance of the jurisdictional issue raised by appellee, it is deemed proper to set out the grounds of the motion verbatim:

"I. (a) The party Dubbs has no right to make the claims constituting Counts 1, 2 and 3 of the interference issue because the delay of the party Dubbs in presenting claims as broad as the counts of the interference issue is so unreasonably great as to amount to abandonment of the subject matter thereof (Webster Electric Co. v. Splitdorf Electrical Co., 264 U. S. 463–471, 44 S. Ct. 342, 68 L. Ed. 792–796). The Dubbs application was filed June 22, 1921, but no claims as broad as the claims constituting Counts 1, 2 and 3 of the interference issue were introduced to the Dubbs Application until August 3, 1928, more than seven years after the filing of the Dubbs application and more than two years after operations involving the subject matter of Counts 1, 2 and 3 of the interference issue had been carried out commercially.

"(b) The party Dubbs has no right to make the claims constituting Counts 1, 2 and 3 of the interference issue for the reason that the delay of party Dubbs in presenting claims as broad as Counts 1, 2 and 3 of the interference issue is so unreasonably great as to estop the party Dubbs from now asserting his right to claim the subject matter thereof to the detriment of the intervening rights of the parties Herthel and Tifft. The application of Herthel and Tifft on which patent 1,677,-773 issued July 17, 1928, was filed June 22, 1926, at a time when the Dubbs application had been forfeited and prior to its renewal. During that interval, abandonment is a question of fact (R. S. § 4897 [35 USCA § 38]), and on that question Herthel and Tifft are entitled to submit proofs and to a hearing on such proofs. At the time of the filing of the application of Herthel and Tifft, above identified, no claim as broad as Counts 1, 2 and 3 of the interference issue had been presented by the party Dubbs, notwithstanding the fact that the Dubbs application then forfeited had been filed five years prior to that time. Furthermore, no claim as broad as Counts 1, 2 and 3 of the interference issue was presented by the party Dubbs for more than two years after the parties Herthel and Tifft had conceived and promptly reduced to practice the subject matter thereof and for more than two years after the filing of the application of Herthel and Tifft.

"II. The party Dubbs has no right to make the claim constituting Count 4 of the interference issue for the reason that Dubbs application Serial No. 479,445 fails to disclose the subject matter of Count 4 of the interference issue. More particularly the Dubbs application 479,445 fails to disclose a

process in which higher boiling hydrocarbon oils are cracked by distillation under pressure, in which unvaporized oil is withdrawn from the pressure distillation during operation and subjected to further vaporization by its self-contained heat through reduction in pressure, and in which the vapors separated from the unvaporized oil withdrawn from the pressure distillation are subjected to a fractionating operation controlled 'by supplying thereto a fraction the constituents of which correspond to the components of the desired distillate product' in such a manner as 'to take off as vapors from the fractionating operation a fraction the constituents of which correspond to the components of the pressure distillate.' "

The distinction between grounds I and II of the motion are obvious. In ground I denial of Dubbs' right to make the claim corresponding to counts 1, 2, and 3 was based upon, and limited to, the allegations that (a) Dubbs' delay in asserting claims as broad as the counts amounted to an abandonment of their subject-matter, and (b) such delay amounted to an estoppel to claim the subject-matter. There was no question made in this ground as to the sufficiency of Dubbs' disclosure sustaining his right to make the claims corresponding to counts 1, 2, and 3.

As to count 4, however, attacked by ground II, it was specifically alleged, as the sole reason why it should be denied to Dubbs, that "Dubbs application Serial No. 479,445 fails to disclose the subject matter of * * * the interference issue."

March 18, 1929, the commissioner, acting through a law examiner, directed that the motion to dissolve be set for hearing on ground II, but not on ground I, citing authorities.

Under this order, the motion went to a law examiner, who, on June 7, 1930, dissolved the interference as to the count covered by ground II (count 4), holding, we assume (the decision itself not being in the record), that Dubbs did not disclose the subject-matter of that particular count. Dubbs presented an interlocutory appeal to the Board of Appeals as to this action, which interlocutory appeal later was dismissed by him, and no further action was had relative to this count.

In prosecuting their motion to dissolve upon ground I, supra, Herthel and Tifft, on July 7, 1930, entered a motion for leave to take testimony "to establish that the party Dubbs has no right to make the claims constituting the counts of the interference issue" for the reasons as stated in said ground. In support of this motion they filed a number of affidavits, which will be later referred to, and presented an elaborate argument in writing.

Dubbs made formal motion to strike the affidavits, but the Examiner of Interferences, in his decision upon the merits of the Herthel and Tifft motion, denied same, apparently because the matter was regarded as inconsequential in view of his conclusion.

The Examiner of Interferences denied the motion for taking proofs in a quite carefully considered opinion. It was held, generally, that: "The motion, brief and affidavits taken together do not establish a prima facie case upon which the junior party's right to take testimony may be based."

In other words, it was the opinion of the Examiner of Interferences, as we understand it, that even were Herthel and Tifft able to establish all factual matters which their motion alleged, such facts would not be sufficient to defeat the right of the party Dubbs to an award of priority, and the question of whether his disclosure is sufficient to support counts 1, 2, and 3 was not there raised nor considered.

Following the decision of the Examiner of Interferences, Herthel and Tifft petitioned the Commissioner of Patents, in person, to review, in the exercise of his supervisory authority, the decision of the Examiner of Interferences denying their motion, and direct that same be allowed, or, in the alternative, fix a date for the hearing of an appeal to the Board of Appeals.

The petition was acted upon by the commissioner in person and was denied, upon substantially the same grounds as those upon which the denial of the Examiner of Interferences rested; numerous authorities being cited.

Following this, Dubbs dismissed his interlocutory appeal as to count 4, and the proceedings upon the question of priority, which had been suspended awaiting the commissioner's decision, were resumed, and on February 14, 1931, judgment upon the record was entered against Herthel and Tifft by the Examiner of Interferences.

Appeal was taken to the Board of Appeals and numerous assignments of error presented, among them being one seeking to raise the question as to the sufficiency of the Dubbs disclosure of the subject-matter of the counts.

Dubbs moved to dismiss the appeal, which motion was disallowed by the Board of Appeals, first, in a decision confined to that question. Dubbs filed petition for rehearing

upon the motion and same was finally determined in the Board of Appeals' decision upon the appeal itself, being again denied. In the final decision of the Board of Appeals, the decision of the Examiner of Interferences awarding priority to Dubbs upon counts 1, 2, and 3 was affirmed.

Such have been the salient, pertinent steps of this apparently quite vigorously contested controversy.

The issues raised by appellants' reasons of appeal, or assignments of error, in their appeal to this court may, we think, be fairly stated as comprehending the following:

First, the question of whether the disclosures of the Dubbs application support the counts.

Second, whether the renewal application of Dubbs presents subject-matter not disclosed and claimed in his original application.

Third, whether there was error reviewable by us in the matter of refusing appellants' motion for taking proofs upon the allegations of laches, abandonment and estoppel.

Dubbs raises the question of this court's jurisdiction to review all or any one of these issues, asserting, in substance, that:

(A) "Appellants cannot attack the adequacy of the Dubbs disclosure to support the counts in the absence of a specific motion under [Patent Office] rule 122," it being argued that questions ancillary to priority may be urged before the Board of Appeals and before this court under rule 120, only in cases where they are based on an antecedent motion to dissolve under rule 122, which procedure, it is · insisted, appellants failed properly to follow.

(B) The patentability of the issues to Dubbs in his renewal application cannot be raised in an interference proceeding, being an ex parte question.

(C) The act of the commissioner in denying appellants' right to take testimony was discretionary and the appellate jurisdiction of this court may not be invoked to review it.

The brief for appellants insists that this court has jurisdiction, because, first, their motion was broad enough to present the issue of the sufficiency of the original Dubbs disclosure to support the claims; and, second, that upon the authority of Manly v. Williams, 37 App. D. C. 194, 1911 C. D. 397, and other authorities, consideration should have been given, and should here be given, to the grounds of laches, abandonment, and estoppel.

As to the first of appellants' contentions, in the order stated by us, supra (that of Dubbs' *disclosure being insufficient to support* counts 1, 2, and 3), it must be held that their motion was not properly framed to present this particular question for determination. Their ground I was quite specific in assigning the reasons for dissolution of counts 1, 2, and 3, and it contained no contention or suggestion that Dubbs' disclosure was insufficient. The very fact that in ground II this very issue was specifically raised as to count 4, and that it was the only issue raised as to that count, serves to emphasize its omission in ground I as to counts 1, 2, and 3. No such ground as to counts 1, 2, and 3 received consideration by the lower tribunals of the Patent Office, because the motion did not so require. The procedure never required them to pass upon it. We think the Board of Appeals quite properly refused to consider it when it was for the first time presented upon the appeal to that tribunal, and its consideration by us would carry us into a field which none of the tribunals below has explored. Rule 122 of the Patent Office states: "Motions to dissolve an interference * * * denying * * * right to make the claim * * * should contain a full statement of the grounds relied upon * * *."

The rule is a reasonable one and a highly important one, which the courts have often approved, and sustained. Harvey v. Short, 55 App. D. C. 199, 4 F.(2d) 165, citing Broadwell v. Long, 36 App. D. C. 418, 423.

As to the second of appellants' contentions, directed to the allegation that Dubbs' renewal application contains claimed matter different from that claimed in his forfeited case, there is presented broadly the question of the extent to which this court may consider patentability in an interference proceeding.

Appellants strongly rely here upon this court's decision in the case of In re Kaisling, 44 F.(2d) 863, 18 C. C. P. A. 740. It must be borne in mind that that case was an ex parte proceeding wherein the question of patentability was the sole ultimate issue to be determined, while the case at bar is an interference proceeding involving the sole ultimate question of priority.

It is unnecessary to dwell at any length upon a question which has been repeatedly decided by this court in decisions, following the doctrine again and again declared by our predecessor in this field of jurisdiction, the Court of Appeals of the District of Columbia, and the express holding of the Supreme

Court of the United States in the case of Lowry v. Allen, 203 U. S. 476, 27 S. Ct. 141, 51 L. Ed. 281. See Gowen v. Hendry and King, 37 F.(2d) 426, 17 C. C. P. A. 789; Headley & Thompson v. Bridges, 48 F.(2d) 938, 18 C. C. P. A. 1331, with their respective citations.

The rule is thoroughly fixed, and has been long and consistently followed, that in a case of this character this court may not consider the question of patentability.

■ An analysis of appellants' motion to dissolve fails to disclose any specific allegation of per se lack of patentability to Dubbs by reason of the claims of the renewal application being different from the original matter. In so far as the motion attempts to raise any question as to this, the language is merely implicative and, even by implication, it seeks only to connect this factor with the laches, estoppel, and abandonment alleged.

None of the tribunals of the Patent Office passed upon this question in connection with the issue of priority, and we hold that we may not properly consider it.

■ The third and last contention of appellants, relating to alleged error touching their application to take proofs under the first ground of their motion to dissolve, presents an issue somewhat more complex than is presented by either of their other contentions.

It is insisted for appellants that the case of Manly v. Williams, supra, is on all fours, as to facts, with the case at bar and that same is, therefore, controlling of this issue. Appellee's counsel insists that there are certain differences sufficient to distinguish this case from that, but that, in any event, the doctrine of the Manly v. Williams Case has been overruled or superseded by the decisions in the later cases of Harvey v. Short, supra, and Isom v. Dubbs, 58 App. D. C. 25, 24 F. (2d) 467.

As presented before us, Dubbs contends that the decision of the commissioner denying the petition to take testimony was an interlocutory and discretionary act, which this court may not review, and that the motion to dissolve on ground I was never set for hearing or transmitted or heard by the tribunals of the Patent Office.

Substantially the same contentions were made before the Board of Appeals, where Dubbs prosecuted vigorously a motion to dismiss the appeal. It was insisted there that Herthel and Tifft made no attempt to have the order denying transmission of their motion to dissolve upon ground I reviewed and

that, therefore, they should be held to have acquiesced therein.

The board did not concur in Dubbs' contention that Herthel and Tifft acquiesced in the refusal to transmit their motion to dissolve, and said: "We have no authority to review the decision of the Commissioner but in our opinion the Board and the Court of Customs and Patent Appeals have a right to entertain the appeal on priority and it may be that, as in Lee and Hogan v. Vreeland, the Court will review the decision of the Commissioner and pass upon the sufficiency of the answer made by Herthel and Tifft to the order to show cause."

In the Lee et al. v. Vreeland Case, 49 App. D. C. 200, 262 F. 654, it appears that appellants therein filed a motion to dissolve attacking the operativeness of the device of the Vreeland application and also a motion to take testimony in support of that allegation. The latter motion was denied by the commissioner. Priority was awarded to Vreeland upon the record and appeal was taken to the Court of Appeals of the District of Columbia. That court considered the affidavit and held that same overcame the prima facie showing of Vreeland, and remanded the case for a trial upon the merits.

Dubbs insists that in that case the motion to dissolve for inoperativeness was transmitted and thereby a question ancillary to priority was preserved for review "throughout the Patent Office and in the Court of Appeals," while here the motion to dissolve on the ground of laches, abandonment, and estoppel, although made, was not transmitted, and no question ancillary to priority was preserved.

We have carefully considered the authorities cited in the record and in the briefs and arguments of counsel for the parties to this controversy. The most pertinent of these authorities we think have been already herein cited.

It is our conclusion that none of these have fixed a rule which requires our dismissal of the appeal upon this ground. It seems to us that to follow the course argued for by appellee would be entirely too technical and arbitrary. A careful examination of the cases of Harvey v. Short, supra, and Isom v. Dubbs, supra, leads us to conclude that they do not overrule Manly v. Williams, supra, but are distinguishable therefrom in the facts.

As is stated in the decision of the Board of Appeals, upon its second consideration of appellee's motion to dismiss:

" * * * The very decisions which were

cited by the Law Examiner, acting for the Commissioner, as the ground of his refusal to transmit, stated that the question was not one for dissolution but for final hearing and that the facts should be established by testimony. The action, in effect, amounted to a holding that the proper course was for Herthel and Tifft to move for leave to take testimony to establish the alleged estoppel and that the question should then be determined at final hearing as a part of the decision on priority.

"The motion to take testimony was made and denied by the Examiner of Interferences and by the Commissioner on petition and the correctness of their decisions is pertinent to the question of priority."

We are in agreement with this statement of the Board of Appeals. We think the question presented by the issue of laches creating estoppel is one which may be ancillary to priority, and that the proper tribunals of the Patent Office and this court have the authority to pass upon it, and that it is a matter of duty so to do.

The brief of counsel for appellee intimates that the remedy of appellants, under the facts of this case, might be confined to seeking mandamus to the Commissioner of Patents from the proper court having equity jurisdiction. It is our view that Congress intended to, and did, in its system of patent laws, clothe the tribunals of the Patent Office and this court with sufficient power to enable complete adjudication in cases such as this, although, as of course, in proper cases, a party is at liberty to proceed in a court of equity if he elects so to do. Whether this is such a case need not be here determined.

Having this view, we have quite carefully examined the affidavits and arguments filed for appellants in order to determine whether this case should be remanded for the taking of the testimony proffered, as was done by the Court of Appeals of the District of Columbia in the Lee et al. v. Vreeland Case, supra.

It is our conclusion that the decisions of the Examiner of Interferences and of the Commissioner of Patents are correct upon the showing made.

The motion of appellants declared the purpose of establishing that the embodiment of the invention set forth in the Dubbs application "is worthless because it is inoperative in any practical sense," the inoperativeness being "inherent in the principle of the Dubbs disclosure," and that Herthel and Tifft disclosed a "practical commercial embodiment of considerable value," which "was placed in commercial operation (a) during the period when the Dubbs application stood forfeited and (b) more than two years prior to the time claims as broad as the counts of the interference issue were first introduced to the Dubbs application."

No elaborate analysis of the affidavits filed in support of the motion is deemed necessary here. Sufficient is contained in the respective decisions of the Examiner of Interferences and the Commissioner of Patents.

It may be remarked, generally, that we do not find in the affidavits any statement as to any affirmative acts of Dubbs, or as to any negative acts not clearly disclosable by the history of the case as shown in the record, independent of the proposed proofs. We do not find any definite statement of inoperativeness per se in the Dubbs device. The statements go no further in this respect than to say that the Dubbs device was not used without modification by any of affiants to obtain the result of the involved invention. It is true that Mr. Tifft's affidavit says the Dubbs operation "lacks practical utility and has no practical significance," and gives his reasons for so thinking. This is a matter of opinion which, however sincerely believed, would not, so long as it remains a mere matter of opinion, be of particular value in determining the exact issue presented by the motion. Nor do we see the relevancy of testimony as to Herthel and Tifft having produced and put into commercial operation a device embodying the invention at the time claimed. This is not in issue, so far as the record discloses, and, for the purposes of the case, might be assumed. The decision of the Commissioner of Patents, very aptly we think, points out that the question of whether Herthel and Tifft "have acquired some right to continue the commercial exploitation which should not be disturbed," is not one to be passed upon in this proceeding relating to priority.

Obviously, appellants have no right to a grant of the motion to take proofs unless such proofs would at least tend toward a decision favorable to them upon priority. We are unable to see wherein any or all the proofs tendered, if fully made and undisputed, could inure to their benefit in the particular controversy which we are called upon here to determine.

The decision of the Board of Appeals is affirmed.

Affirmed.