## RAUEN v. AIKEN.

### Patent Appeal No. 3380.

Court of Customs and Patent Appeals.
Feb. 4, 1935.

The firm of Charles W. Hills, of Chicago, Ill. (Charles W. Hills, Jr., and Charles F. Meroni, both of Chicago, Ill., of counsel), for appellant.

Wm. Wallace White, of New York City, and Jennings Bailey, Jr., of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an interference proceeding. The facts relative to the interference are as follows: On September 7, 1926, a patent, No. 1,599,389, was issued by the United States Patent Office to the appellee, James Aiken, upon an application filed September 16. 1924, serial No. 738,025. The interference was declared between this patent and an application of the appellant, Rauen, which application was filed in said office May 9, 1927. The counts of the interference are four, and were copied by the party Rauen from Aiken's said patent. On May 29, 1923, the party Rauen had filed an application, No. 642,301, covering similar subject-matter, and which said application was referred to in the oath of the party Rauen attached to his said application here in interference. It seems to be conceded by the Patent Office tribunals that the application now in inter-

ference is a divisional application of the original application of May 29, 1923.

When Rauen's divisional application was filed, his attorney of record was M. W. McConkey. On September 18, 1926, less than two weeks following the issuance of the Aiken patent, McConkey wrote to Rauen to the effect that. he proposed to make claims 1 to 8, 11, 12, 14, and 15 of the Aiken patent, No. 1,599,389, in Rauen's parent application, serial No. 642,301, and to ask for an interference. The claims, however, were included in the divisional application instead of in the parent application.

In some way not disclosed by the record, the party Rauen became represented by new counsel, Robert H. Young. An amendment or two was made to the application, which seemed to be proceeding in the regular way in the Patent Office, and then, on February 17, 1930, approximately three years and five months after the issuance of the Aiken patent, Mr. Young, in a letter to the office, called the attention of the office to the fact that claims 1 to 11 of the application of his client were copies of claims in the Aiken patent, and that an interference should be declared. Thereupon the Examiner considered these claims, and, after certain amendments, a further application for the declaration of an interference as to counts 1, 3, 4, 5, 6, 7, 8, 9, and 10 having been requested by Rauen through his attorney, Charles W. Hills, the Examiner refused to concede allowability to appellant of said claims, and to institute interference proceedings thereon. Thereupon the matter was taken to the Board of Appeals, and the decision of the Examiner was reversed as to claims 1, 3, 4, and 5, the counts of the present interference. In this decision of the Board of Appeals, it was noted: "The appealed claims were copied from the Aiken patent No. 1,-599,389 for interference purposes."

The present interference was then declared. Aiken's preliminary statement claims conception as of July 1, 1924, that drawings were made on July 23, 1924, a written description on July 30, 1924, and a disclosure to others on July 31, 1924. The party Rauen, in his preliminary statement, alleges conception as of March 1, 1917, that drawings were made March 1, 1917, a written description on February 1, 1919, a disclosure to others on March 1, 1917, and a reduction to practice on January 1, 1922. Rauen then moved to shift the burden of proof by virtue of his aforesaid application,

serial No. 642,301, and an order to show cause was issued against the party Aiken.

Aiken then answered this order by moving to dissolve the interference, claiming that the party Rauen was estopped because of the fact that he had waited for over two years after the issuance of the Aiken patent before he had first informed the Examiner that Rauen's claims had been copied from the Aiken patent for purposes of interference, and before he requested such interference, it being contended that he was estopped under the doctrine of Chapman et al. v. Wintroath, 252 U. S. 126, 40 S. Ct. 234, 64 L. Ed. 491.

In response to this argument, the party Rauen, while denying the claims of the party Aiken in this respect, called the attention of the Examiner to the claimed fact that the said suggestion was not timely, inasmuch as the period for motions had expired.

The Examiner held the motion to be timely under the authority of Sundstrand v. Gubelmann, 55 App. D. C. 200, 4 F.(2d) 166, and held that the party Rauen, having failed within two years to call the attention of the Patent Office to the fact that his claims were copied from the Aiken patent, and having failed during that period to ask for an interference, was and is estopped, and awarded priority of invention to the party Aiken. Reconsideration was asked and granted, and the Examiner of Interferences adhered to his original conclusion. The Board of Appeals agreed with the Examiner of Interferences, and affirmed his decision.

The Board of Appeals, after reciting the period elapsing between the issuance of Aiken's patent and the application for an interference, calls attention to the fact that Rauen knew of the Aiken patent within two weeks after its issuance. The Board then refers to the decision in Chapman et al. v. Wintroath, supra; In re Fritts, 45 App. D. C. 211, and De Ferranti v. Harmatta, 50 App. D. C. 393, 273 F. 357, as support for its affirmance of the Examiner's decision. In particular, the board relies upon the case of Keith v. Land, 55 App. D. C. 398, 2 F.(2d) 1013, cited as 1925 C. D. 173, quoting what the Board erroneously refers to as an excerpt from the opinion of the Court of Appeals. filed therein, and which will be more particularly referred to hereinafter.

Relying largely upon the decision in the last-cited case, the Board of Appeals was of the opinion that Rauen was estopped and has no standing in this interference.

The party Rauen has appealed, and seeks a reversal of the decision of the Board of Appeals.

At the time of the first request by counsel for the party Rauen for an interference, the only laws or rules of the Patent Office applicable to the subject-matter here in issue were section 4886, Revised Statutes, as amended by Act March 3, 1897, § 1 (35 USCA § 31), and rules 24 and 94 of the Patent Office. Said section 4886 provides, in general, that a patent may be issued for an invention which has not been patented or described in any printed publication in this or in any foreign country, before the invention or discovery thereof, or more than two years prior to the application, and not in public use or sale in this country for more than two years prior to said application. Rule 24 of the Patent Office is substantially to the same effect. Rule 94 of the Patent Office provides for the practice in declaring interferences; that is, that they "will be declared between applications by different parties for patent or for reissue when such applications contain claims for substantially the same invention which are allowable in the application of each party, and interferences will also be declared between applications for patent, or for reissue, and unexpired original or reissued patents, of different parties, when such applications and patents contain claims for substantially the same invention which are allowable in all of the applications involved. * * *"

The succeeding portion of said rule 94, as well as rules 95 and 96, provide for the method of procedure of the Examiner in declaring said interferences, and in providing for the subject-matter of the counts thereof. No other relevant rules or statutes have been called to our attention. It is true that in a notice published in 392 O. G. 239, on March 11, 1930, the Commissioner of Patents notified applicants that, if claims were copied from another patent, the office must be advised thereof by the applicant at the time of the application for an interference. However, it is not contended by any one here that such notice is or should be retroactive. Even were it so claimed, we would not be able to concur with such conclusion.

As the facts appear upon the face of the record, the party Rauen was first to conceive and first to reduce to practice the invention which is the subject-matter of this controversy. The proceedings in the United States Patent Office and in this court are not equity proceedings. At times the doctrine of estoppel and a doctrine "akin to that of equitable estoppel" have been recognized and applied in such proceedings, but then only to facilitate the work of the Patent Office and in furtherance of the objects of the constitutional provision "to promote the progress of science and the useful arts." Typical of such cases are Consolidated Fruit Jar Co. v. Wright, 94 U. S. 92, 96, 24 L. Ed. 68; In re Mower's Appeal, 15 App. D. C. 144; Mason v. Hepburn, 13 App. D. C. 86; In re Shimer, 69 F.(2d) 556, 21 C. C. P. A. (Patents) 979. We are not disposed to extend the field of the application of the doctrine of equitable estoppel in these proceedings beyond the point indicated by the authorities.

A brief review of the authorities relied upon by the Board of Appeals and the appellee follows:

In Re Fritts, supra, the appellant disclosed an invention in his application but did not claim it. Thereafter he waited until patents subsequently granted embracing such claims had expired, and then presented his claims. The intervening period was much more than two years. The Court of Appeals held that it was the duty of the applicant, within a reasonable time after the issuance of the patents, to assert his claims thereto, and held him estopped under the facts in the case.

Rowntree v. Sloan, 45 App. D. C. 207, was an interference in which the same question arose. In this case, one of the parties who had a copending application waited three years after the grant of a patent to the other party before copying the claims from his patent and requesting an interference. The Court of Appeals held he was estopped, in view of his delay, from making such claims.

In 1918, the Court of Appeals of the District of Columbia decided the well-known case of Wintroath v. Chapman et al., 47 App. D. C. 428. In that case, the Chapmans filed an application for a patent which disclosed the invention of the issue, but did not claim it. Twenty months after the granting of the Wintroath patent, involving the same subject-matter, the Chapmans filed a divisional application, copying some of Wintroath's claims. The claim was made that "in analogy to the time allowed by the statute for amendments to applications (Rev. Stat. § 4894, Comp. Stat. 1916, § 9438 [35 USCA § 37]), a failure for more than one year to make a divisional application amounted to laches and barred its allow-

ance." The Commissioner of Patents held that in his judgment the time should be two years, by analogy to the statute which gives an inventor that length of time after a patent has issued to another for his invention, before it is necessary for him to file his own application. Revised Statutes, § 4886, as amended by Act March 3, 1897, § 1 (35 US CA § 31). The Court of Appeals reversed the decision of the Commissioner, holding that a period of more than one year was sufficient to raise the bar.

That case was appealed to the Supreme Court of the United States and decided in Chapman et al. v. Wintroath, 252 U. S. 126, 40 S. Ct. 234, 64 L. Ed. 491. There was but one question presented to the Supreme Court, and that was the question of what length of time would constitute laches. The Supreme Court reversed the judgment of the Court of Appeals (47 App. D. C. 428), holding that the view taken by the Commissioner of Patents was the correct one, and that under the facts in that case the Chapmans were within their legal rights in filing their divisional application and claims within two years after the publication of the Wintroath patent.

In De Ferranti v. Harmatta, supra, De Ferranti copied certain claims from the Rietzel patent more than four years after its issuance. There was some question about an interference with one Harmatta, which we deem immaterial here. The court held that the claims must be copied within two years from the time of the issuance of the patent from which they were taken, or estoppel would arise.

In Chapman v. Beede, 54 App. D. C. 209, 296 F. 956, the applicant, Beede, filed an application which disclosed, but did not claim, the invention in issue. Thereafter, Chapman filed an application which resulted in a patent to him. Almost three years after the issuance of the Chapman patent, Beede copied the claims of the issue. Beede claimed that his original application not only disclosed, but claimed, the subject-matter of the invention. The Court of Appeals was of opinion that, in view of this claim, Beede's application should be examined for the purpose of ascertaining whether such claims were originally made. Having found that Beede's original application not only disclosed, but claimed, the invention covered by the counts of the issue, priority to Beede was affirmed.

Some discussion has arisen in this case as to the question whether the tribunals of the Patent Office should have investigated Rauen's parent application for the purpose of ascertaining whether he did or did not therein claim, in substance, the subject-matter of the counts of this interference. As we view the matter, however, this point is not important. In the case at bar, it is conceded that Rauen copied the claims of Aiken in his divisional application within two years of the issuance of the patent.

The Board of Appeals strongly relies upon the decision of the Court of Appeals of the District of Columbia in Keith v. Land, 55 App. D. C. 398, 2 F.(2d) 1013. In its decision, the Board of Appeals, as has been heretofore stated, quoted a portion of what it states was the decision of the Court of Appeals in that case. However, this quotation was evidently made from the report of said case found in 1925 C. D. 173. The opinion of the Court of Appeals was a memorandum decision, and, after stating this in the cited Commissioner's decisions, doubtless for more ready reference to the matter then before the court, the decision of First Assistant Commissioner Kinnan is copied. In this decision of the First Assistant Commissioner, the excerpt which is given in the opinion of the Board of Appeals appears. In the per curiam opinion of the court, it appears that Keith, having delayed four years after the grant of the patent in issue to Land, then presented certain claims from the Land patent and sought an interference. The Court of Appeals said: "In the absence of any satisfactory reason for delay, the decision of the Commissioner of Patents is affirmed, on the authority of Chapman v. Wintroath," etc. Therefore, it cannot be said that the Court of Appeals ever expressed the views quoted by the Board: "* * * Even if this claim does interfere with those of Land, as embodied in the issue, it can not be held the Examiner is the exclusive guardian of appellant's rights to the extent that the latter is absolved from the consequences of his delay for nearly five years in seeking an interference with the Land patent."

These are all the authorities to which our attention has been directed. In each case the facts are different from those which appear here. These cited cases went off on the failure of the applicant to copy the claims of a patent within two years from the date of its issuance. In the case before us, the claims were duly copied and before the Patent Office for action. We find nothing in the authorities cited, or otherwise, which would indicate that the Pat-

ent Office or this court may, by analogy, compare the facts in this case with those cases where the applicant has failed to copy claims within two years. Neither do we find the facts in this case such as would justify the application of the bar of estoppel to Rauen, who has complied with all the rules of the Patent Office and the laws as to making the claims in issue.

We can appreciate that the work of the Patent Office would be much facilitated by requiring applicants who copy claims for purposes of interference, to give timely notice of the same to the Patent Office. However, this need seems not to have been recognized until the issuance of the Commissioner's order, heretofore referred to, of September 28, 1930.

The decision of the Board of Appeals is reversed, and, in view of the record, the cause is remanded for further proceedings not inconsistent herewith.

In reaching our conclusion herein, we do not wish to be understood as expressing any opinion as to the authority of the Patent Office tribunals to entertain the motion of appellee to dissolve the interference, filed after the motion period had expired.

Reversed and remanded.

LENROOT, Associate Judge (specially concurring).

I concur in the conclusion reached because, in my opinion, the Patent Office tribunals erred in holding that appellee had the right to move to dissolve the interference upon the ground of estoppel against appellant after the motion period for motions of this character had expired.

The Examiner of Interferences held that the issue of estoppel was a jurisdictional question and could be presented at any time, citing in support thereof the case of Sundstrand v. Gubelmann, 55 App. D. C. 200, 4 F.(2d) 166. In my opinion the decision in said case was clearly erroneous and should not be followed.

The motion to dissolve the interference upon the ground of estoppel against appellant should not have been entertained and, as the record shows that appellant was the first inventor, priority of invention should have been awarded to him. As appellee could not, under the rules of the Patent Office, raise this question after the motion period had expired, any question of estoppel against appellant should be decided ex parte after the termination of the interference.

I point out the anomaly of the position of the Patent Office tribunals in holding that the question of estoppel was jurisdictional and nevertheless proceeding to an award of priority. If this was jurisdictional, the interference should have been dissolved, for it is elementary that when a court finds it has no jurisdiction of a case it may not proceed to a decision upon the merits.

The question of the right of appellee to make the motion to dissolve lies at the threshold of this case, and its proper disposition made it unnecessary to consider the question of whether an estoppel in fact existed against appellant. Inasmuch as the majority opinion expressly reserves decision upon the above question, I will not here discuss it further.

I therefore concur in the conclusion without expressing any agreement with the reasons given by the majority for its conclusion.