22 C. C. P. A. (Patents)

## HENDRICKSON & NELSON v. RONNING & RONNING.

### Patent Appeal No. 3434.

Court of Customs and Patent Appeals.
March 25, 1935.

Fisher, Clapp, Soans & Pond, of Chicago, Ill. (Cyril A. Soans, of Chicago, Ill., of counsel), for appellants.

Victor F. Lassagne, of Chicago, Ill. (J. Austin Stone, of Washington, D. C., of counsel), for appellees.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The present appeal is from a decision of the Board of Appeals of the United States Patent Office in an interference proceeding. This interference involved a patent to appellants, No. 1,822,093, issued September 8, 1931, upon an application filed March 31, 1930, and an application of the appellees filed January 11, 1932, serial No. 585,858, and which application was a division of serial No. 327,139, filed December 19, 1928, which, in turn, was a division of application, serial No. 65,700, dated October 29, 1925.

There are two counts involved in the interference, copied from the patent of appellants; count 1 being as follows: "1. In a tractor, a housing, an axle in the housing, a hub extension on the axle, a spacer, means for securing the spacer to the hub extension, a spindle on said spacer, a wheel having a hub mountable on said spindle, and means for securing the wheel-hub to the spindle."

The appellants filed a preliminary statement in which they alleged conception as of the date of approximately May 16, 1928, and a reduction to practice of a date about November 5, 1928. The alleged date of conception of the invention in issue of the appellants being subsequent to the filing date of the appellees, said filing date being the date of the parent application of October 29, 1925, notice was given to the appellants to show cause why judgment should not go against them. Thereupon the appellants moved to dissolve the interference; the reasons assigned being as follows:

"(a) That the parties, Ronning et al. have no right to make claims or any of them corresponding to the counts in issue, and

"(b) That the claims are unpatentable to the parties Ronning et al."

On the same day the appellants moved for leave to take testimony for the purpose of showing that the structure shown and disclosed in their patent involved in the interference and covered by the claims thereof was in public use and on sale in this country, and was fully described in a printed publication more than two years prior to the presentation by the appellees of "allowable claims covering said Hendrickson et al. structure."

The Examiner of Interferences was of opinion that the motion to dissolve raised two questions; namely, estoppel and public use. As to the point of estoppel, he held that, inasmuch as the claims were made by the Ronnings within two years after the issuance of the Hendrickson & Nelson patent, no question of estoppel arose. He further held that the question of public use was not within the jurisdiction of the Examiner of Interferences, and that such a proceeding should be initiated by a petition to the Commissioner to set up a public use proceeding. Therefore the motion to take testimony was denied, and this action was adhered to after a motion for reconsideration. The appellants then appealed to the Commissioner of Patents on the question of the refusal to grant leave to take testimony, and thereafter the First Assistant Commissioner, on a second consideration of the matter, without ruling upon the merits of the contentions of the party Hendrickson & Nelson, remanded the interference to the Examiner of Interferences, with directions to set times for the taking of testimony upon the matter of public use.

Thereupon the parties, to avoid expense, entered into a stipulation, the material part of which stipulation is as follows:

"1. Between February, 1929, and September, 1929, about forty tractors equipped with devices as disclosed in said Hendrickson et al. Patent No. 1,822,093, and containing the subject matter of each and all of the claims of said Patent, were sold in the United States and shipped to customers in the United States by J. I. Case Company, the Assignee of the Hendrickson et

al. application involved in this Interference.

"2. That said tractors, including the tread spacing devices as set forth in said claims were publicly used within the United States between February, 1929, and September, 1929, by employees of said J. I. Case Company and by its customers (other than said Ronning et al. or said International Harvester Company, their Assignee).

"3. The subject matter of each and all of the claims of said Hendrickson et al. Patent was fully described in printed publications published in the United States prior to January 1, 1930, which said publications were published and were circulated in the United States prior to January 1, 1930, by J. I. Case Company, the Assignee of said Hendrickson et al. Patent."

The motion to dissolve was denied.

The interference then coming up upon its merits, the Examiner of Interferences, in a very well-considered and exhaustive decision, awarded priority of invention of the subject-matter in issue to the appellees. In doing so, he held that the only matters which were proper for consideration in an interference matter were those bearing upon the question of priority, including such matters as were ancillary thereto; that the question of whether a statutory bar exists to the granting of a patent to the successful party was not a material question there; that public use was not a question properly to be considered in such a proceeding, or a publication of the subject-matter which might ultimately defeat a patent; and that no estoppel could be declared or found in this proceeding under the particular facts appearing of record. Accordingly, priority was awarded to the appellees.

Upon appeal, the Board of Appeals affirmed this decision. In addition to the matters referred to by the Examiner of Interferences, the Board called attention to what it conceived to be the fact that the appellees disclosed the subject-matter of the interference in their parent application of October 29, 1925; that in their first divisional application of December 19, 1928, the appellees included claims 15 and 20, which claims were made prior to the alleged dates of public use and publication depended upon by the appellants, and of which it was thought by the Board that claim 20 "was so nearly of the scope of the present counts that it could not be said to have been a broad unpatentable issue in the sense of the Keith vs. Land decision." The Board also made reference to this fact: "It is also noted that claim 20 of the second divisional application which is duplicated as claim 8 in the present divisional application of the Ronnings has never been rejected and is not now under rejection in either of the divisional applications."

The appellants bring the matter here and urge that the Board of Appeals was in error in its findings. The contentions of counsel for the appellants made here are that, when appellees' parent application of October 29, 1925, was filed, it contained three claims, Nos. 46, 47, and 48; that these were canceled out after a requirement for a division, on January 6, 1927; that these claims were the only ones in said application directed to rear wheel tread increases; that in the first divisional application of December 19, 1928, two claims, 15 and 20, were included; claim 20 being as follows: "20. In a tractor having laterally spaced traction wheels adapted to be secured on the normal drive axles of the tractor, of extension devices adapted to be secured on the said axles and being formed at their outer ends to receive the hubs of the wheels in extended and reversed positions."

It is further contended that the subject-matter of said claims 15 and 20 was clearly shown by the Opitz patent, No. 1,470,283, which had been cited against the original Ronning application on March 10, 1926, and that thereafter said claims 15 and 20 were canceled for the purposes of division.

It is also alleged that on the filing of the present divisional application in this interference the Ronnings copied claims 1 and 3 of the Hendrickson et al. patent, which claims were drawn so as to avoid the said Opitz reference and other references. It is argued that the said claims of the Ronning applications, both in the parent application and in the first divisional one, were unpatentable, inasmuch as such references were a complete anticipation, and that, up until the time the Ronnings copied the claims of the appellants' patent, the appellees had not presented any patentable claims covering the subject-matter of this interference. Therefore it is argued that, at the time of the public use by appellants' assignee of the device involved in this interference, the appellees had not claimed the subject-matter of this interference. It is not denied that the general subject of ex-

tensible wheels was disclosed and generally claimed, but the contention is that such claims were not patentable because of the prior art.

Upon these premises, the conclusion is drawn that the appellees are barred by their failure to claim the invention in issue within two years from the date of public use and publication.

It is further contended that the assertion of a public use as a bar may be and should be considered as a matter of estoppel in an interference proceeding, and that the tribunals of the Patent Office were in error in failing to so hold. Upon this point the appellants, although conceding that the only issue in interference cases is that of priority of invention, still contend that under the doctrine announced in Webster Electric Co. v. Splitdorf Electrical Co., 264 U. S. 463, 44 S. Ct. 342, 68 L. Ed. 792, and other cases, particularly Westinghouse Elec. & Mfg. Co. v. Jeffrey-DeWitt Insulator Co. (C. C. A.) 22 F.(2d) 277, and Dwight & Lloyd Sintering Co. v. Greenawalt (C. C. A.) 27 F.(2d) 823, this court should here hold that failure to claim an invention within two years from the date of public use or publication, in an interference proceeding, should be considered to estop the party from making such claim thereafter.

On the other hand, the appellees argue in support of the holding of the Patent Office tribunals that they have, from the time of filing the parent application, disclosed the subject-matter of this interference, and have, in all of their applications, parent and divisional, claimed the same, in a general way; that the right of a party to secure a patent cannot be raised in an interference proceeding; that the Webster Electric Co. v. Splitdorf Electrical Co. Case, supra, and other cases cited in support of appellants' contention, do not apply in this case, because here the appellees did not attempt to broaden their claims in their divisional applications, but, as a matter of fact, narrowed the same; that the questions of publication and public use of the subject-matter of this interference cannot be considered or held to be an estoppel in this proceeding; and, finally, that the appellees, having filed their divisional application within two years after the issuance of the appellants' patent, did all that the law and the rules require, and are entitled to an award of priority.

As a preliminary observation, it must be held that the question as to whether claim 20 of appellees' second divisional application reads upon the prior art references is not open for consideration here, but must be relegated to the ex parte proceedings in the Patent Office.

In interference proceedings, under the statute, the primary inquiry is: Who was the first inventor? The interference, under the law and the rules of the Patent Office, is declared only after the Examiner has determined that the opposing parties have presented claims for substantially the same invention which are allowable in all of the applications, or appear in the patent or patents, involved in the interference.

Due to the nature of the issues in an interference proceeding, the Patent Office tribunals have held, uniformly, that matters pertaining solely to the patentability of the subject-matter will not be investigated in such proceedings; those being matters for ex parte consideration. The only matters to be considered are matters affecting the priority of invention. It was found, early, that certain matters ancillary to the question of priority were immediately involved in such proceedings, and hence these were considered. Unnumbered cases in the reports of the Court of Appeals of the District of Columbia, as well as in the reports of this court, announce this rule. Some of the most recent are Gowen v. Hendry et al., 37 F.(2d) 426, 17 C. C. P. A. (Patents) 789; Phelan v. Green, 71 F.(2d) 298, 301, 21 C. C. P. A. (Patents) 1228, and cases therein cited.

Some of the matters thus to be considered in interference proceedings are diligence, originality, concealment, suppression, abandonment, and lack of the right of a party to make the counts of the interference. These are matters generally known, and require no citation of authorities.

Latterly it has been held that laches, consisting of the failure of a party to make his claims in a timely way, may and should be considered in such interference proceedings. Although this question is, primarily, one for ex parte consideration on the question of patentability, the right to assert and decide it in interference proceedings has been upheld by the courts. Some of these cases are Rowntree v. Sloan, 45 App. D. C. 207; Wintroath v. Chapman, 47 App. D. C. 428; Chapman et al. v. Wintroath,

252 U. S. 126, 40 S. Ct. 234, 64 L. Ed. 491. We have assented to and followed this practice in Robinson v. Heising, 55 F.(2d) 472, 19 C. C. P. A. (Patents) 895; Trumbull et al. v. Kirschbraun, 67 F.(2d) 974, 21 C. C. P. A. (Patents) 758; Phelan v. Green, supra; and Rauen v. Aiken, 74 F.(2d) 956, 22 C. C. P. A. (Patents) ——.

■■ This doctrine, primarily, is based upon section 4886, Revised Statutes, as amended (35 USCA § 31), which authorizes an inventor to claim his invention by application in the United States Patent Office at any time within two years after patent has been granted to another which contains claims covering the same invention. The two-year provision of this statute is one of repose, and laches is ascribed to him who does not bring himself within the statutory terms. In considering such questions, divisional applications are not considered in any different light than original ones. Chapman et al. v. Wintroath, supra. Although the lapse of more than two years will, in ordinary circumstances, be held to constitute laches, a delay for more than that period may be so explained by other facts as to refute the imputation of laches. Webster Electric Co. v. Splitdorf Electrical Co., supra.

■ Although the courts have gone thus far in sustaining the claim of laches in interference proceedings, no adjudged case has been found where the other statutory bars to the issuance of a patent, as named in section 4886, Revised Statutes, as amended (35 USCA § 31), namely, publication or public use, have been admitted as properly offered in an interference proceeding. On the contrary, it has been held, not only by the Court of Appeals of the District of Columbia, but by this court as well, that questions of public use will not be considered in interference proceedings. Hayes v. Davison, 50 App. D. C. 361, 273 F. 325; Earles et al. v. Gomber, 50 App. D. C. 389, 273 F. 353; Leonard v. Everett, 52 App. D. C. 90, 281 F. 594; Chapman v. Beede, 54 App. D. C. 209, 296 F. 956; Stern et al. v. Schroeder et al., 36 F.(2d) 518, 17 C. C. P. A. (Patents) 690; Derby et al. v. Whitworth, 62 F.(2d) 368, 20 C. C. P. A. (Patents) 791; Herthel et al. v. Dubbs, 65 F.(2d) 138, 20 C. C. P. A. (Patents) 1128.

Exactly the same conclusion would seem to be applicable to prior publication of the subject-matter of the invention. In Southgate v. Greene, 57 F.(2d) 374, 19 C. C. P. A. (Patents) 1129, prior publication of the subject-matter was claimed by the party asserting the estoppel. We did not there hold that such a claim could be successfully interposed in an interference proceeding, as is thought by counsel for appellants. The facts in that case were very like those in the case at bar, and we refused to hold that the publication raised a bar. We commented upon this case in Phelan v. Green, supra, and said: "We there made no holding that, if there were a statutory bar to the appellee in that case making the claims there involved, such bar could be invoked as an estoppel in favor of the appellant."

Reliance is placed upon Webster Electric Co. v. Splitdorf Electrical Co., supra, Westinghouse Elec. & Mfg. Co. v. Jeffrey-DeWitt Insulator Co., supra, and Dwight & Lloyd Sintering Co. v. Greenawalt, supra, as announcing a rule different from the holdings above cited, and which it is thought should be followed here. However, the cases last cited were infringement suits. Obviously, different rules must prevail in such suits than in interference matters, in which this court is strictly limited by the narrow jurisdiction given it by law to review the records of the Patent Office on questions of priority. It is plain that in equity one may neither successfully sue nor claim exclusive rights upon a patent which is invalid, and it logically follows that anything which tends to show such invalidity is a material issue in the cause. Such, however, is not the case here. These cases, therefore, are held to be not controlling in the case at bar.

We find no error in the decision of the Board of Appeals, and it is affirmed.

Affirmed.

LENROOT, Associate Judge, concurs in the conclusion.