The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion on the following questions:
 1. Can a full time law enforcement officer, employed by the City of Pine Bluff, run for and if elected, hold the office of Alderman for the City of White Hall?
 2. Can a full time law enforcement officer, employed by the City of Pine Bluff, run for and if elected, hold the office of constable for the Township of Washington in the County of Jefferson?
 3. If the answer is yes to one of the above, can the Civil Service Commission for the City of Pine Bluff force that officer to take a leave of absence to run for such office?
It is my opinion that the answer to Questions 1 and 2 is "yes." I have found no constitutional or statutory prohibition against one's dual service in these positions. Nor do I perceive an apparent conflict on the grounds of incompatibility. See generally Tappan v. Helena FederalSavings Loan Assoc., 193 Ark. 1023, 104 S.W.2d 458 (1937). I have previously concluded in this regard that a municipal fireman employed in one city may serve on the city council of another city. See Op. Att'y Gen. 92-231. I have also previously opined that a constable's service as a police officer is, as a general matter, lawful. See Op. Att'y Gen.90-334, citing Op. Att'y Gen. 90-188.
In response to your third question, please note that I have enclosed a copy of Attorney General Opinion 96-060, which addressed the constitutionality of a sheriff's policy requiring that employees who seek any political office must take a leave of absence.[1] It was concluded, following a review of the Eighth Circuit Court of Appeals' ruling in Otten v. Schicker, 65 F.2d 142 (8th Cir. 1981), that there is judicial precedent for such a policy. As also noted therein, a conclusive determination would probably require review of the policy's application under the particular facts. Op. Att'y Gen. 96-060 at 3.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Regarding the civil service commission's general authority to adopt rules and regulations governing the political activities of police department personnel, see A.C.A. § 14-51-303 (Supp. 1995).